**Ronnie Neal WILSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–82–133–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 8, 1984.

Tom Crum, Waxahachie, for appellant.

Phil Nichols, Asst. Dist. Atty., Dan B. Grissom, Dist. Atty., Granbury, for appellee.

Before HUGHES, ASHWORTH and SPURLOCK, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Ronnie Neal Wilson was convicted by a jury of the offense of sexual abuse of a child. TEX.PENAL CODE ANN. § 21.10 (Vernon 1974). The jury assessed punishment at confinement in the Texas Department of Corrections for twenty years, and a $10,000 fine.

In an unpublished opinion delivered April 13, 1983, this court reversed the conviction and ordered the entry of a judgment of acquittal, holding the evidence insufficient to support the conviction. Relying on TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon 1979) and *Hernandez v. State*, 636 S.W.2d 617 (Tex.App.—San Antonio 1982) *rev'd at* 651 S.W.2d 746 (Tex.Cr.App.1983), we held that the uncorroborated testimony of a child victim, i.e., a child under the age of fourteen, who made no outcry within six months of the date of the alleged offense, is insufficient to support the conviction. The Court of Criminal Appeals, in an opinion delivered on October 26, 1983, reversed our decision on the basis of its holding on rehearing in *Hernandez v. State*, 651 S.W.2d 746 (Tex.Cr.App.1983), wherein the court held that art. 38.07 is not applicable to child victims of sexual offenses. As a result of the Court's holding in *Hernandez*, a conviction can be supported by the uncorroborated testimony of a child victim, whether or not outcry is made within six months. With this in mind, we now review the evidence in the instant case to determine if it is sufficient to support the conviction.

The only evidence produced at trial was the testimony of the victim, C__E__W__, who was thirteen when the alleged offense occurred. C__E__W__ was Wilson's natural daughter. She testified that on January 5, 1981, she was living with Wilson, her mother, and two brothers in Granbury, Texas. She returned from school that day, watched television, ate supper with her family, and went to bed in her room, which she did not share with any of her siblings. Wilson came into her room

and had C__E__W__ perform oral sex upon him. Wilson then took her to his room and had C__E__W__ remove her night clothes and lie down in the bed beside her mother. He then proceeded to have intercourse with her mother. Afterwards, he sent C__E__W__ back to her room. C__E__W__ further testified that her first sexual contact with Wilson began with oral sex when she was seven years old and progressed to sexual intercourse shortly thereafter, culminating in her pregnancy by him at age thirteen. Apparently, it was this pregnancy and subsequent abortion which brought the situation to the attention of law enforcement officials.

The only evidence presented at trial was C__E__W__'s testimony. The defense did not cross-examine C__E__W__ nor did Wilson present any other evidence. We find C__E__W__'s testimony sufficient to support the jury's verdict finding Wilson guilty of sexual abuse of a child.

■ Wilson now argues that he was denied a fair and impartial trial because in planning his trial tactics, he relied on art. 38.07. This article provides that: "A conviction under Chapter 21, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred." There was no evidence in this case that the child told anyone of the event until well after six months had elapsed, and there was never an outcry or other corroboration. Wilson says he elected not to cross-examine C__E__W__, the State's only witness, so as not to permit even an opportunity for there to be evidence of outcry or corroboration. In so doing he was relying on the law as it stood at time of trial, believing that the uncorroborated testimony of C__E__W__ would be insufficient to support conviction. He further argues that, as a consequence thereof, he chose to forego presentment of testimony that might have led to his acquittal at trial or that would have more than

likely reduced his sentence if he were convicted.

Wilson has cited no authority for his position and we have found none. He chose his trial tactics, albeit he relied on statutory law at the time, and he could not have anticipated the Court of Criminal Appeals' finding an exception to the statute. Nothing in the trial of the case caused him to receive less than a fair and impartial trial. He was not precluded in any way from calling any witness he desired and no evidence was introduced which was prejudicial to him, absent objection. We do not find his argument persuasive under the facts of this case.

The judgment is affirmed.