James SCOGGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 1209–87.

Court of Criminal Appeals of Texas,
En Banc.

June 13, 1990.

Rehearing overruled Nov. 28, 1990.

Scott Young, Austin, for appellant.

Grant Jones, Dist. Atty., Errlinda Castillo, Asst. Dist. Atty., Corpus Christi, and Robert Huttash, State's Atty., Austin, for the State.

Before the court en banc.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

This is an appeal from a conviction for sexual assault of a child. See V.T.C.A., Penal Code Sec. 22.011(a)(2)(A).[1] Punishment was assessed at six years confinement and a $2500.00 fine; the trial court suspended the prison sentence for the duration of appellant's eight year probationary period, but required appellant to spend 30 days in jail as a condition of probation.

On direct appeal, the Thirteenth Court of Appeals in Corpus Christi reversed appellant's conviction and remanded the case to the trial court. *Scoggan v. State*, 736 S.W.2d 239 (Tex.App.—Corpus Christi 1987). We declined to review the search and seizure grounds relied on for the reversal; the only question before us now is whether appellant is entitled to a judgment of acquittal due to insufficient evidence. Since we find appellant's claim to be meritorious, we sustain his ground for review and order an acquittal.

The record reflects that appellant was an itinerant string teacher with the Corpus Christi Independent School District.[2] He became acquainted with S_____.S_____. when she was in Junior High School; for some time he carried on a dating relationship with her mother. According to the testimony of the victim she and appellant began having sexual relations in January, 1984, when she was a fifteen year old ninth grader. The affair continued until May, 1985, when the victim informed another teacher about her relationship with appellant. Although S_____.S_____. testified that she and appellant had sex "two or three hundred times" over the course of some sixteen months, the state elected to prosecute for the very first act of intercourse—in January, 1984.[3] This election brought the mandates of Art. 38.07, V.A.C.C.P. to bear upon the case.[4]

Article 38.07 allows a conviction for a sexual offense to rest on the uncorroborated testimony of the victim only if there is evidence that she made an outcry to

---

1. Section 22.011 reads, in pertinent part:
   (a) A person commits an offense if the person:

   .   .   .   .

   (2) intentionally or knowingly:
   (A) causes the penetration of the anus or female sexual organ of a child by any means; "Child" is defined in Sec. 22.011(c)(1) of the Penal Code as "a person younger than 17 years of age who is not the spouse of the actor."

2. An "itinerant string teacher" is a teacher who bears simultaneous responsibility for teaching orchestra or stringed instruments at several schools.

3. When the evidence shows two or more acts of intercourse, each of which is an offense for which the defendant may be convicted, and the indictment charges only one offense, the State is required to elect which act it will rely upon to secure a conviction, provided the accused makes a motion for election. *Crawford v. State*, 696 S.W.2d 903, 906 (Tex.Cr.App.1985); *Bates v. State*, 165 Tex.Cr.R. 140, 305 S.W.2d 366, 368 (Tex.Cr.App.1957). Like the instant case, both of these cases involved many instances of sexual intercourse with a minor.
   Election of a date different from the one alleged in the indictment will not necessarily endanger the conviction's validity. The State is not bound by the date alleged in the indictment and may prove that an offense was committed before, on, or after date alleged, so long as the date proved is a date anterior to presentment of indictment and the crime's occurrence is not so remote as to be barred by limitation. *Glenn v. State*, 436 S.W.2d 344, 346 (Tex.Cr.App.1969).

4. This statute reads "A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense. The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim." The statute was amended in 1983 to add the sentence "The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense." Other than this one amendment, and another recognizing a numbering change in the Penal Code sections to which 38.07 applies, the statute has remained unchanged since its adoption in 1975.

some person other than the defendant within six months of the offense. The only outcry or report made by the prosecutrix in this case occurred in May, 1985, which is well over six months from the January, 1984 offense on which the State elected to prosecute. Neither side contends that there is evidence in the record to sufficiently corroborate the prosecutrix' testimony concerning the acts of intercourse between her and appellant, nor do we find such evidence in our examination of the trial record.[5]

■ The question now therefore before us is whether appellant may be convicted on the uncorroborated testimony of a victim who was older than fourteen but younger than seventeen at the time of the offense, when the evidence fails to demonstrate an outcry to a third person within six months of the offense. In order to answer this question, we must necessarily construe Art. 38.07—particularly the 1983 amendment to the statute which explicitly excepts victims younger than fourteen from the statute's "corroboration or outcry" requirements.

In 1983, this Court addressed a similar question and held that the requirements of 38.07 did not apply to victims of "rape of a child," now section (a)(2) of V.T.C.A., Penal Code Sec. 22.011, "Sexual Assault." *Hernandez v. State*, 651 S.W.2d 746 (Tex.Cr. App.1983) (opinion on rehearing adopting original concurring opinion as majority opinion). *Hernandez* taught that the "corroboration or outcry" requirements of 38.-07 applied only to those complainants who were held to be accomplice witnesses. The case further held that victims of statutory rape could never be accomplice witnesses to the crime because of the inability to give legally operative consent to sexual intercourse. *Hernandez*, 651 S.W.2d at 751–753. We must now examine whether *Hernandez* has continuing vitality and whether

the 1983 amendment to 38.07 imposes corroboration or outcry requirements in prosecutions for sexual offenses involving victims between fourteen and seventeen years of age.

The longtime rule in Texas has been that a sexual offense conviction for rape of a child may be supported by the uncorroborated testimony of the minor victim. No particular outcry time restriction has been imposed (other than the statute of limitations). *Hindman v. State*, 152 Tex.Cr. 75, 211 S.W.2d 182 (Tex.Cr.App.1948) provides the typical analysis. According to that case, a conviction for rape by assault could not rest on the uncorroborated testimony of a female who failed to make prompt outcry or a report of the rape when opportunity to do so was reasonably afforded. *Id.*, 211 S.W.2d at 185. The *Hindman* court goes on to say, however, that this rule applied only when consent could be an issue, not in statutory rape cases, where the offense was complete regardless of whether the victim consented. *Id.* Citing a long line of cases, the court concluded that a conviction for statutory rape could rest on the uncorroborated testimony of the victim. *Id.*

Many cases followed the *Hindman* holding. *Soliz v. State*, 163 Tex.Cr. 508, 293 S.W.2d 662 (Tex.Cr.App.1956 ("a prosecutrix in a rape case is not an accomplice witness and a conviction for statutory rape can be sustained upon her uncorroborated testimony" (dicta)); *Purifoy v. State*, 163 Tex.Cr. 488, 293 S.W.2d 663, 664 (Tex.Cr. App.1956) ("the rule here urged by appellant [that the victim's testimony required corroboration] has never been applied as a general proposition in cases where the prosecutrix is under age and fails to make outcry promptly or within a reasonable time"); *Lacy v. State*, 412 S.W.2d 56 (Tex. Cr.App.1967) (evidence was sufficient to support conviction for statutory rape even

---

5. In *Nemecek v. State*, 621 S.W.2d 404 (Tex.Cr. App.1980), *overruled in part, Hernandez, infra*, this Court adopted the standard for corroboration under Art. 38.14, V.A.C.C.P. as the standard for corroboration under 38.07—"the standard for sufficiency is that the corroboration tends to connect the defendant with the offense

charged." *Nemecek*, 621 S.W.2d at 407. In this case, there is evidence tending to corroborate the existence of a romantic relationship between appellant and prosecutrix, but there is no corroborating evidence tending to connect appellant with the offense charged.

though testimony of the 15 year-old prosecutrix was uncorroborated and there was no prompt outcry); *Johnson v. State*, 449 S.W.2d 65 (Tex.Cr.App.1970) ("the general rule is well established that the testimony of a prosecutrix in a rape case even under the age of 15 years need not be corroborated"); *Bass v. State*, 468 S.W.2d 465, 467 (Tex.Cr.App.1971) ("the record reflects sufficient corroboration of prosecutrix' testimony even though such is not an absolute requirement to sustain a conviction for statutory rape"); *Uhl v. State*, 479 S.W.2d 55 (Tex.Cr.App.1972) (no corroboration of victim's testimony required when rape victim was 12 years old); *Williams v. State*, 481 S.W.2d 119 (Tex.Cr.App.1972) (no corroboration was required when testifying rape victim was thirteen years old); *Hohn v. State*, 538 S.W.2d 619, 621 (Tex.Cr.App. 1976) ("it has been held in numerous prosecutions for rape that the testimony of a prosecutrix under the age of consent need not be corroborated even though there is no outcry or prompt report of the defendant's alleged acts").[6]

In 1975, House Bill 284 created the first version of section 38.07 of the current Code of Criminal Procedure.[7] The "Bill Analysis" prepared for the House Committee on Criminal Jurisprudence, states that

It is felt that much of the problem associated with the reporting and prosecution of rape is that the present statutes discourage reporting and prosecution because of embarrassment to the victim and the difficulty in obtaining a conviction.

This statement evidences the intent of the Legislature to make rape convictions easier to obtain, not more difficult, a fact this Court recognized in *Hernandez, supra,* at 753. A hearing on House Bill 284, held at a joint session of the House Committee on Criminal Jurisprudence and the Senate

Committee on Jurisprudence (February 18, 1975), also shows the intent of the bill's drafters to facilitate rape prosecutions. As originally drafted, the bill called for a sexual offense conviction to be supportable on the uncorroborated testimony of the victim, with no outcry requirement whatsoever. See Official Bill File, H.B. 284, 64th Leg. (1975). However, concerns were voiced at the hearing that the then newly proposed restrictions on the admissibility of the victim's past sexual history together with the new definition of consent (allowing a woman to withdraw her consent at any time before penetration) and the lack of any corroboration or outcry requirement would go too far in eviscerating defendant's rights. See Official Records of the Proceedings of the House Committee on Criminal Jurisprudence, February 18, 1975. Presumably in response to these concerns, the bill was amended so as to require corroboration or outcry from victims of sexual offenses without the addition of a proviso exempting minor victims of rape of a child from the new requirements. Despite this omission, we can find no evidence in the legislative history from 1975 of any intention to alter the longstanding rule that the testimony of a minor victim who cannot consent to sexual acts requires no corroboration or outcry in order to support a conviction.

Indeed, Texas courts construing the pre-1983 version of 38.07 declined to apply the statute to a prosecution in which consent was not an issue. See *Hernandez, supra; Waldrop v. State*, 662 S.W.2d 612 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd.); *Wilson v. State*, 665 S.W.2d 222 (Tex.App.—Ft. Worth 1984) (opinion following *Hernandez* after remand from Court of Criminal Appeals); *Hill v. State*, 672 S.W.2d 302 (Tex.App.—Dallas 1984) (opin-

---

**6.** *Hohn* applied the law as it existed at the time of the offense—1974. The original version of 38.07, V.A.C.C.P. was not enacted until 1975.

**7.** As explained in *Hernandez v. State*, 651 S.W.2d 746 (Tex.Cr.App.1983) (concurring opinion adopted as majority opinion on rehearing), a different 38.07 had existed prior to the adoption of the new Penal Code in 1974. The old

38.07 had applied only to "seduction" cases and no longer had any *raison d'etre* after the penal offense of "seduction" ceased to exist in Texas as of January 1, 1974. The new 38.07 was not an amendment of the old section, repealed on January 1, 1974; it was an entirely new statute codified with the same number.

ion following *Hernandez* after remand from Court of Criminal Appeals).

However, in spite of this long line of precedent, the legislature acted decisively to change the corroboration requirements for minor victims of sexual assault in 1983. Senate Bill 838 was passed by the sixty-eighth legislature almost simultaneously with this court's *Hernandez* decision, and the two branches of government apparently came to different resolutions of the same problem.[8] The legislative amendment to 38.07 clearly expresses the legislature's intent to shield sexual assault victims under 14 from the normal outcry or corroboration requirements, but to require stricter proof when the sexual assault victim is 14 or older. The language added to Art. 38.07 in 1983 reads:

> The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense.

"When a statute is clear and unambiguous, this Court will not strain that plain meaning or the wording in order to give the statute a 'desirable' reading." *Smith v. State*, 789 S.W.2d 590 (Tex.Cr.App.1990); *But cf.* V.T.C.A., Government Code §§ 311.021 and 311.023. Since corroboration or outcry requirements were not met in this case, the evidence is insufficient to support appellant's conviction.

The judgment of the Court of Appeals with respect to appellant's insufficiency claim is reversed and the cause is remanded to the trial court for an order of acquittal to be entered.

CLINTON, J., concurs in the result.

---

**8.** The *Hernandez* case was originally handed down on April 20, 1983, and the original concurring opinion was then adopted as the majority opinion after rehearing on June 8, 1983.

Senate Bill 838 amending Art. 38.07 was passed by the Senate on May 5, the House on May 26, and signed into law on June 17 (all dates 1983).