IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11389
Summary Calendar
_____

STEVE BAKER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-1895-H
- - - - - - - - - -

February 15, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Steve Baker (#632428), a state prisoner, has appealed the district court's order dismissing his application for a writ of habeas corpus. The legal issues presented by this case result from a variance between the facts underlying Baker's guilty plea and the allegations in the indictment. The indictment alleged that the offense of aggravated assault involving a child younger than age 14 was committed by Baker "on or about" a certain date. Baker contends that the victim was not younger than age 14 and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his trial attorney rendered ineffective assistance in failing to discover this fact and in advising him to plead guilty to the offense of aggravated sexual assault.

The state habeas court found that the victim was younger than age 14 at the time of the offense. Even if we assume that this fact finding was unreasonable, see 28 U.S.C. § 2254(d)(2), we hold that the district court's dismissal of Baker's habeas application must be AFFIRMED nevertheless because the state habeas court's determination that Baker had not received ineffective assistance of counsel did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Counsel determined by interviewing the victim and her mother that Baker began to sexually assault the victim when she was age 13. Although the victim may not have been younger than age 14 on the date alleged in the indictment, under state law, the state was not required to allege a specific date in an indictment. See Mitchell v. State, 330 S.W.2d 459, 462 (Tex. Crim. App. 1959). In Texas, by alleging that the offense occurred "on or about" a certain date, the state is allowed to prove that the offense occurred on a date other than the one alleged in the indictment, as long as the date is anterior to the presentment of the indictment and is within the statutory limitation period. See Scoggan v. State, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990); Thomas v. State, 753 S.W.2d 688, 692 (Tex. Crim. App. 1988); see also Branch v. Estelle, 631 F.2d 1229, 1233 (5th Cir. 1980); Nees

v. Culbertson, 406 F.2d 621, 624 (5th Cir. 1969); see also Tex.
Code Crim. P. Ann. art. 12.01(2)(D) (West Supp. 1991). Because
counsel determined that an offense had occurred when the victim
was age 13, prior to the on-or-about date in the indictment, and
during the applicable limitation period, counsel's duty to
investigate the facts of the case was discharged. Because the
allegations in the indictment were sufficient, counsel cannot be
faulted for failing to raise a frivolous challenge to the
indictment.

Baker contends that this panel should consider, under Fed.
R. App. P. 27(c), whether Judge Jolly erred in refusing to grant
COA as to his remaining issues. Except to state generally that
he has made a substantial showing of the denial of a
constitutional right as to those issues, Baker does not state in
his brief why he believes the Judge Jolly's order was erroneous.

One of the issues rejected by Judge Jolly was whether Baker
had entered a knowing and voluntary guilty plea. Baker contends
in his supplemental letter brief that his admissions at the
rearraignment were not under oath and should not have been
considered in determining the voluntariness of his guilty plea.
Although the transcript of the rearraignment does not reflect
whether Baker was sworn, Baker waived arraignment and entered a
plea based upon a written judicial confession. Baker signed a
written acknowledgment that the applicable range of punishment
was "5-99 yrs./life fine up to $10,00[0]."

Judge Jolly concluded that Baker had failed to make a
substantial showing of the denial of a constitutional right as to

the voluntariness of his guilty plea.  The fact that Baker was not under oath at the rearraignment, if true, is insufficient to show that Judge Jolly erred by denying COA as to this issue.  The request for panel rehearing is DENIED.

JUDGMENT AFFIRMED; REQUEST FOR PANEL REHEARING OF SINGLE-JUDGE ORDER DENIED.