In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-01-00850-CR

 01-01-00851-CR

____________


CHRISTOPHER CROSBY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause Nos. 870152, 870151






O P I N I O N

 This appeal derives from two convictions in two separate causes in the trial
court (Trial Cause Nos. 870152 and 870151; and Appellate Cause Nos. 01-01-00850-CR and 01-01-00851-CR, respectively). Because both appeals raise substantially the
same issues, we handle them together on appeal. 

 In two causes, appellant was charged with aggravated sexual assault against his
step-sister's daughter. A jury found appellant guilty in both causes and sentenced
him to life imprisonment for aggravated sexual assault by vaginal penetration and for
aggravated sexual assault by anal contact. We affirm.

Background

 On January 7, 2001, the complainant, who was six years old, told her mother,
Clynthia Shelvin, that her uncle (appellant) had sexually abused her. Appellant is Ms.
Shelvin's step-brother and lived with the complainant and Ms. Shelvin. Appellant
had moved out approximately two weeks before the complainant revealed that he had 
sexually abused her.

 Ms. Shelvin testified about changes in the complainant's behavior and physical
appearance. Shortly before January 7, 2001, the complainant's grades began to slip
and she fought at school. Ms. Shelvin would usually run a bath, and the complainant
and her sister would put their toys in the tub. Ms. Shelvin would monitor the girls
while the complainant bathed herself and her sister. The complainant became
defensive and refused to do this activity. On January 7, 2001, the complainant shut
the bathroom door. Ms. Shelvin entered and observed sores around the complainant's
vagina, inside her vagina, on her thighs, on and in between her buttocks, and on the
back of her legs. She noticed an abnormal discharge in the complainant's underwear. 
 She also noticed that complainant was scratching her vaginal area and bottom. 

 Ms. Shelvin asked the complainant if anyone had touched her. The
complainant appeared nervous and began to cry; eventually she told her mother that
appellant touched her. The complainant said appellant touched her with his hands
and penis on her buttocks and "private." The complainant testified that this touching
occurred more than once while her parents were at work and while appellant babysat
the complainant and her sister.

 In cause number 01-01-00850-CR, appellant raises two points of error. In
cause number 01-01-00851-CR, appellant raises four points of error. In both causes,
appellant contends in his first two points of error that the evidence was legally and
factually insufficient to support his conviction for aggravated sexual assault by
vaginal penetration. In cause number 01-01-00851-CR, appellant complains in two
additional points of error that the evidence was legally and factually insufficient to
support appellant's conviction for aggravated sexual assault because the State failed
to show that the complainant's anus came in contact with appellant's sexual organ.

Legal Sufficiency

 In his first points of error in both causes, appellant challenges the legal
sufficiency of the evidence. Specifically, appellant argues that the complainant's
testimony incriminating appellant was not corroborated by any evidence linking the
appellant to the alleged offenses. In his third point of error in Cause Number 01-01-00851-CR, appellant challenges the legal sufficiency of the evidence because the
State did not show that appellant had contact with the complainant's anus, as alleged
in the indictment. 

 In reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict to determine if any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). 

 A person commits aggravated sexual assault:

 (1) if the person:

 (B) intentionally or knowingly:

 (i) causes the penetration of the anus or female
sexual organ of a child by any means;

 (iv) causes the anus of a child to contact the anus or
sexual organ of another person, including the actor;

 (2) if:

 (B) the victim is younger than 14 years of age.

Tex. Pen. Code Ann. § 22.021(a) (Vernon Supp. 2002). 

 A conviction for a sexual offense against a child may be supported by the
uncorroborated testimony of the minor victim. Scoggan v. State, 799 S.W.2d 679,
683 (Tex. Crim. App. 1990). Article 38.07 of the Texas Code of Criminal Procedure
clearly exempts sexual assault victims 14 years of age and younger from the normal
outcry or corroboration requirements. Tex. Code Crim. Proc. art. § 38.07 (Vernon
Supp. 2002); see Scoggan, 799 S.W.2d at 683.

 At trial, the complainant testified about the incidents with appellant in great
detail. She indicated that the genitals on male and female anatomically correct dolls
as the dolls' "private[s]" and specifically identified appellant as the person who
sexually assaulted her. The complainant testified that appellant's "private" touched
her "private," that he put his finger inside her "private," that he was on top of her,
spread her legs, and touched her bottom with his "private," and that this hurt her. 
The complainant also testified that appellant's "private" was hard and moving. She
further testified that she had "little dots" [sores] on her private and behind.

 Ms. Shelvin testified that she observed sores in and around the complainant's
vagina, on her buttocks, and "between the cheeks of her behind." Dr. Deborah Hsu,
a pediatric emergency medicine doctor at Texas Children's Hospital, testified that full
genital and general exams were performed on the complainant. Dr. Hsu observed a
dry, red, scaly rash on the complainant's suprapubic region, rectal region, and
buttocks. Although the lab was unable to grow cultures out of it, Dr. Hsu testified
that the rash looked like herpes. Dr. Hsu prescribed acyclovir, the drug used to treat
herpes. Dr. Hsu further testified that a "notching" consistent with a healing cut within
the complainant's hymenal ring was revealed in the genital exam. Dr. Christina
Valentine, who also examined the complainant, came to the same conclusions as Dr.
Hsu.

 Viewing this evidence in the light most favorable to the verdict, a rational trier
of fact could have found beyond a reasonable doubt that appellant committed
aggravated sexual assault with a child by vaginal penetration and by anal contact. 
Therefore, the evidence is legally sufficient to support appellant's conviction for
aggravated sexual assault by vaginal penetration and his conviction for aggravated
sexual assault by anal contact.

 We overrule appellant's first point of error in 01-01-00850-CR and his first and
third points of error in 01-01-00851-CR.

Factual Sufficiency

 In his second points of error for both causes, appellant challenges the factual
sufficiency of the evidence. Specifically, he argues that the complainant's testimony
incriminating appellant was not corroborated by any evidence linking appellant to the
alleged offenses. In his fourth point of error in Cause Number 01-01-00851-CR,
appellant challenges the factual sufficiency of the evidence because the State failed
to show the appellant had contact with the complainant's anus, as alleged in the
indictment. 

 Under the factual sufficiency standard, we ask "whether a neutral review of all
the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine confidence in the jury's determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof." King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We will reverse
the fact finder's determination only if a manifest injustice has occurred. Id. In
addition to the evidence that we considered under the legal sufficiency point of error,
we now consider the rest of the evidence.

 Appellant did not testify at trial. As already discussed in the legal sufficiency
point, the complainant's testimony concerning appellant's behavior and the presence
of the rash was supported by the medical testimony and Ms. Shelvin's testimony. 
Appellant did not controvert this evidence. The jury, as the sole judge of the
credibility of the witnesses and the weight to be given to their testimony, may choose
to accept or reject all or any part of the testimony. Cain v. State, 958 S.W.2d 404,
410 (Tex. Crim. App. 1997). Although the complainant was the only one to have
witnessed the sexual assault, her testimony is sufficient. See Scoggin, 799 S.W.2d at
681. 

 After considering all the evidence, we conclude that the jury's verdict was not
manifestly unjust or outweighed by contrary evidence. Accordingly, the evidence is
factually sufficient to support appellant's conviction for aggravated sexual assault by
vaginal penetration and his conviction for aggravated sexual assault by anal contact.

 We overrule points of error two in both causes and point of error four in Cause
Number 01-01-00851-CR.


Conclusion

 We affirm the judgment of the trial court.




 Adele Hedges

 Justice


Panel consists of Justices Hedges, Keyes, and Evans. (1)

Do not publish. Tex. R. App. P. 47.4

1. The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.