COURT OF
APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-433-CR
 
WILBERT D. LEE           
           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
        STATE
------------
FROM THE 371
ST DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
A jury found Appellant Wilbert D.
Lee guilty of the offenses of aggravated sexual assault of a child and indecency
with a child and assessed his punishment at life imprisonment and twenty years.
The trial court sentenced him accordingly. Appellant contends that the jury
charge contained error because the State never elected which theory of each
offense it was proving during trial, nor did it specify the particular instances
of sexual abuse upon which it relied. Further, Appellant complains that the
trial court improperly inserted a definition of reasonable doubt into the jury
charge. We affirm.
I. FACTUAL
BACKGROUND
In September 1999, K.I., then
eleven years old, lived in Grapevine with Appellant, her grandfather. While at
school, K.I. confided in her school counselor, telling her that she was
suicidal, in part because Appellant had been sexually abusing her since she was
ten years old. K.I. later repeated her disclosure of sexual abuse to a Child
Protective Service's ("CPS") investigator and to a sexual assault
nurse examiner at Cook Children's Medical Center. When the CPS investigator
contacted Appellant about K.I.'s allegations, Appellant denied abusing K.I.
sexually, but he also stated that "incest was okay." A physical
examination did not reveal any scarring on K.I.'s hymen, which was as consistent
with sexual penetration as it was with no penetration; however, K.I. tested
positive for trichomonas, a bacteria that is usually transmitted sexually.
The State charged and tried
Appellant for aggravated sexual assault of a child and indecency with a child.
The jury found Appellant guilty on both counts.
II. JURY UNANIMITY
In his first and second issues,
Appellant points out that the trial court submitted a general application and
verdict form with respect to both charged offenses, and the State did not make
an election as to which particular instance of sexual abuse it was relying on
for each offense. (2) Appellant contends that the
jury charge contained error because it is impossible to determine, for each
offense charged, whether the jury unanimously agreed that the same particular
occurrence or alleged sexual abuse constituted the offense. Appellant asserts
that although he did not object at trial, the error was so egregious and created
such harm that he was denied a fair and impartial trial. See Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). We
disagree.
Generally, where one act of
intercourse is alleged in the indictment and more than one act of intercourse is
shown by the evidence in a sexual assault case, upon request, the State must
elect the act upon which it will rely for conviction. See Scoggan v. State,
799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990); O'Neal v. State, 746
S.W.2d 769, 770 n.3 (Tex. Crim. App. 1988); Crawford v. State, 696
S.W.2d 903, 905 (Tex. Crim. App. 1985); Mayo v. State, 17 S.W.3d 291,
298 (Tex. App.--Fort Worth 2000, pet. ref'd). However, absent a request by the
defendant, the State is not required to make an election and no error is
implicated. Scoggan, 799 S.W.2d at 680 n.3; O'Neal, 746 S.W.2d
at 770 n.3; Crawford, 696 S.W.2d at 906; Mayo, 17 S.W.3d at
298; cf. Francis v. State, 36 S.W.3d 121, 123 (Tex. Crim. App. 2000)
(op. on reh'g) (holding appellant preserved error on issue concerning jury
unanimity by objecting to the charge, repeatedly requesting that the State elect
which act of indecency upon which it intended to rely, and by the unique nature
of the indictment and incidents alleged in the case).
In the present case, Appellant
never requested that the State make an election. Since no request was made, we
hold that Appellant failed to preserve his complaint concerning any charge error
based on a lack of jury unanimity. See O'Neal, 746 S.W.2d at 770 n.3; Scoggan,
799 S.W.2d at 680 n.3; Crawford, 696 S.W.2d at 906; Mayo, 17
S.W.3d at 298. We overrule issues one and two.
III. DEFINITION OF
REASONABLE DOUBT
In his third issue, Appellant
argues that the trial court improperly inserted a definition of reasonable doubt
into the jury charge. Appellant contends that the trial court improperly
included the following statement in the charge: "It is not required that
the prosecution prove guilt beyond all possible doubt; it is required that the
prosecution's proof excludes all 'reasonable doubt' concerning the Defendant's
guilt." See Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App.
2000) (overruling Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App.
1991) insofar as it required a jury instruction on reasonable doubt, and stating
that "the better practice is to give no definition of reasonable doubt at
all to the jury").
In reviewing the charge, we must
determine: (1) whether there is error in the charge; and (2) whether sufficient
harm resulted requiring reversal. Hutch v. State, 922 S.W.2d 166,
170-71 (Tex. Crim. App. 1996); Abdnor v. State, 871 S.W.2d 726, 731
(Tex. Crim. App. 1994); Almanza, 686 S.W.2d at 171. Recently, we have
reviewed a charge with language identical to that complained of by Appellant. See
Minor v. State, 91 S.W.3d 824, 827 (Tex. App.--Fort Worth 2002, pet.
filed). In Minor, we held that this language does not constitute a
definition of reasonable doubt and, therefore, does not violate Paulson.
Id. at 829.
Accordingly, we hold that the
charge here did not give a reasonable doubt definition. See id. Because
no error occurred, we need not conduct a harm analysis. See id.; see
also Hutch, 922 S.W.2d at 170-71; Abdnor, 871 S.W.2d at 731. We
therefore overrule Appellant's third issue.
IV. CONCLUSION
Having overruled Appellant's three
issues, we affirm the trial court's judgment.
 
                                                                   
ANNE GARDNER
                                                                   
JUSTICE
 
PANEL F: HOLMAN, GARDNER, and
WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 8, 2003

1. See Tex. R. App. P. 47.4.
2. The indictment states, in pertinent part:

 Wilbert D. Lee hereinafter called
 Defendant . . . on or about the 2nd day of September 1999, did
 intentionally or knowingly cause the sexual organ of [K.I.] a child younger
 than 14 years of age who was not the spouse of said Defendant to contact the
 sexual organ of the said Defendant,
 Count Two: And it is further
 presented . . . that the said Defendant . . . did then and there
 intentionally, with the intent to arouse or gratify the sexual desire of said
 Defendant, engage in sexual contact with [K.I.], a child younger than 17 years
 and not the spouse of the Defendant by causing [K.I.] to touch the genitals of
 the Defendant,
 Paragraph Two: And it is further
 presented . . . that the said Defendant . . . did then and there
 intentionally, with the intent to arouse or gratify the sexual desire of said
 Defendant, engage in sexual contact by touching the genitals and breast of [K.I.],
 a child younger than 17 years and not the spouse of the Defendant.