LEE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-01-433-CR

WILBERT D. LEE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury found Appellant Wilbert D. Lee guilty of the offenses of aggravated sexual assault of a child and indecency with a child and assessed his punishment at life imprisonment and twenty years.  The trial court sentenced him accordingly.  Appellant contends that the jury charge contained error because the State never elected which theory of each offense it was proving during trial, nor did it specify the particular instances of sexual abuse upon which it relied.  Further, Appellant complains that the trial court improperly inserted a definition of reasonable doubt into the jury charge.  We affirm.

I.  FACTUAL BACKGROUND

In September 1999, K.I., then eleven years old, lived in Grapevine with Appellant, her grandfather.  While at school, K.I. confided in her school counselor, telling her that she was suicidal, in part because Appellant had been sexually abusing her since she was ten years old.  K.I. later repeated her disclosure of sexual abuse to a Child Protective Service’s (“CPS”) investigator and to a sexual assault nurse examiner at Cook Children’s Medical Center.  When the CPS investigator contacted Appellant about K.I.’s allegations, Appellant denied abusing K.I. sexually, but he also stated that “incest was okay.”  A physical examination did not reveal any scarring on K.I.’s hymen, which was as consistent with sexual penetration as it was with no penetration; however, K.I. tested positive for trichomonas, a bacteria that is usually transmitted sexually.

The State charged and tried Appellant for aggravated sexual assault of a child and indecency with a child.  The jury found Appellant guilty on both counts.

II.  JURY UNANIMITY

In his first and second issues, Appellant points out that the trial court submitted a general application and verdict form with respect to both charged offenses, and the State did not make an election as to which particular instance of sexual abuse it was relying on for each offense.
(footnote: 2)  Appellant contends that the jury charge contained error because it is impossible to determine, for each offense charged, whether the jury unanimously agreed that the same particular occurrence or alleged sexual abuse constituted the offense.  Appellant asserts that although he did not object at trial, the error was so egregious and created such harm that he was denied a fair and impartial trial.  
See Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh’g).  We disagree.

Generally, where one act of intercourse is alleged in the indictment and more than one act of intercourse is shown by the evidence in a sexual assault case, upon request, the State must elect the act upon which it will rely for conviction.  
See Scoggan v. State
, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990);
 O’Neal v. State
, 746 S.W.2d 769, 770 n.3 (Tex. Crim. App. 1988); 
Crawford v. State
, 696 S.W.2d 903, 905 (Tex. Crim. App. 1985); 
Mayo v. State
, 17 S.W.3d 291, 298 (Tex. App.—Fort Worth 2000, pet. ref’d).  However, absent a request by the defendant, the State is not required to make an election and no error is implicated.
  Scoggan
, 799 S.W.2d at 680 n.3;
 O’Neal
, 746 S.W.2d at 770 n.3; 
Crawford
, 696 S.W.2d at 906; 
Mayo
, 17 S.W.3d at 298; 
cf. Francis v. State
, 36 S.W.3d 121, 123 (Tex. Crim. App. 2000) (op. on reh’g) (holding appellant preserved error on issue concerning jury unanimity by objecting to the charge, repeatedly requesting that the State elect which act of indecency upon which it intended to rely, and by the unique nature of the indictment and incidents alleged in the case).

In the present case, Appellant never requested that the State make an election.  Since no request was made, we hold that Appellant failed to preserve his complaint concerning any charge error based on a lack of jury unanimity.  
See O’Neal
, 746 S.W.2d at 770 n.3; 
Scoggan
, 799 S.W.2d at 680 n.3; 
Crawford
, 696 S.W.2d at 906; 
Mayo
, 17 S.W.3d at 298.  We overrule issues one and two.

III.  DEFINITION OF REASONABLE DOUBT

In his third issue, Appellant argues that the trial court improperly inserted a definition of reasonable doubt into the jury charge.  Appellant contends that the trial court improperly included the following statement in the charge:  “It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution’s proof excludes all ‘reasonable doubt’ concerning the Defendant’s guilt.”  
See Paulson v. State
, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) (overruling 
Geesa v. State
, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991) insofar as it required a jury instruction on reasonable doubt, and stating that “the better practice is to give no definition of reasonable doubt at all to the jury”).

In reviewing the charge, we must determine:  (1) whether there is error in the charge; and (2) whether sufficient harm resulted requiring reversal.  
Hutch v. State
, 922 S.W.2d 166, 170-71 (Tex. Crim. App. 1996); 
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); 
Almanza
, 686 S.W.2d at 171.  Recently, we have reviewed a charge with language identical to that complained of by Appellant.  
See Minor v. State
, 91 S.W.3d 824, 827 (Tex. App.—Fort Worth 2002, pet. filed).  In 
Minor
, we held that this language does not constitute a definition of reasonable doubt and, therefore, does not violate 
Paulson
.  
Id
. at 829.

Accordingly, we hold that the charge here did not give a reasonable doubt definition.  
See id
.  Because no error occurred, we need not conduct a harm analysis.  
See id
.; 
see also Hutch
, 922 S.W.2d at 170-71; 
Abdnor
, 871 S.W.2d at 731.  We therefore overrule Appellant’s third issue.

IV.  CONCLUSION

Having overruled Appellant’s three issues, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 8, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The indictment states, in pertinent part:

Wilbert D. Lee hereinafter called Defendant . . . on or about the 2
nd
 day of September 1999, did intentionally or knowingly cause the sexual organ of [K.I.] a child younger than 14 years of age who was not the spouse of said Defendant to contact the sexual organ of the said Defendant,

Count Two:  And it is further presented . . . that the said Defendant . . . did then and there intentionally, with the intent to arouse or gratify the sexual desire of said Defendant, engage in sexual contact with [K.I.], a child younger than 17 years and not the spouse of the Defendant by causing [K.I.] to touch the genitals of the Defendant,

Paragraph Two:  And it is further presented . . . that the said Defendant . . . did then and there intentionally, with the intent to arouse or gratify the sexual desire of said Defendant, engage in sexual contact by touching the genitals and breast of [K.I.], a child younger than 17 years and not the spouse of the Defendant.