IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00212-CR

 

Charles M. Conner,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 159th District Court

Angelina County, Texas

Trial Court # 24254

 



MEMORANDUM 
Opinion



 








          Charles
Conner was indicted on two counts of aggravated sexual assault on a child.  A jury found him guilty on both counts and
assessed punishment at ninety-nine years’ confinement.  He brings two issues on appeal: (1) the trial
court erred in denying his request for instructed verdict because the State
failed to prove the offenses occurred on the dates alleged in the indictment;
and (2) the trial court erred in denying his motion for mistrial after the
prosecution introduced a videotaped statement referring to Conner’s prior
incarceration.

          We
will overrule the issues and affirm the judgment.

 

BACKGROUND

          The
alleged victim, Conner’s daughter, testified that her father touched her inside
her private part with his finger.  A
sexual assault nurse who examined the alleged victim testified that the victim
told her that Conner had touched her sexual organ many times, the last time
having been about a week before the examination.  The nurse testified that there was no
physical evidence of trauma.  Family
members who lived in the same home as Conner and his daughter testified for the
State.  Conner’s mother and brother
testified regarding Conner’s behavior with his daughter, and Conner’s brother’s
wife testified as an outcry witness.  The
State introduced Conner’s videotaped statement to police.  Conner testified in his own defense.

Dates
of Offenses

          At
the close of the State’s case, Conner made a motion for directed verdict based
on his assertion that the State did not properly prove the dates as alleged in
the indictment.  Conner argues that the
trial court erred in denying the motion. 


The indictment alleges that Conner committed
aggravated sexual assault of a child on or about November 20, 2003, and on or about August 1, 2003.  The “on
or about” language of an indictment allows the State to prove a date other than
the one alleged in the indictment as long as the date is anterior to the
presentment of the indictment and within the statutory limitation period.  Sledge
v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); Scroggan v. State, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App.
1990).  Conner was indicted on December
 18, 2003.  The limitation period for the offense of
aggravated sexual assault is ten years from the eighteenth birthday of the
victim of the offense.  Tex. Code Crim. Proc. Ann. art. 12.01 (Vernon
2003).  The dates of the offenses alleged
are anterior to the indictment and within the statutory limitation period.

Conner argues that the State failed to prove any
dates at all.  When an indictment alleges
that some relevant event transpired “on or about” a particular date, the
accused is put on notice to prepare for proof that the event happened at any
time within the statutory period of limitations.  Thomas
v. State, 753 S.W.2d 688, 692 (Tex. Crim. App. 1988).  The examining nurse testified that the
alleged victim told her that the last time Conner touched her was approximately
a week before the interview, which was conducted on November 24, 2003.  The
victim testified that Conner began touching her about a week after he moved in
with the family, and that the touching continued to happen at the time the
family moved to Lufkin.  She
thought that was August of 2003, but was not sure.  Conner’s mother testified that they moved to Lufkin in October 2003.  Because the evidence is sufficient to prove
the offenses occurred on or about the dates alleged in the indictment, the
trial court did not err in denying Conner’s motion for a directed verdict.  We overrule this issue.

Prior
Incarceration

          Conner
argues that the trial judge erred in denying his motion for mistrial.  During the guilt-innocence phase, the prosecution
played a videotape of Conner’s statement to police.  On the video, Conner mentioned his having
been released from the penitentiary. 
Outside the presence of the jury, defense counsel made a motion for a
mistrial.  The prosecution responded to
the motion by explaining that the tape had been edited to delete references to
Conner’s time in prison, but that this particular reference had inadvertently
been left on the tape.  The trial court denied
the motion for mistrial because the reference was innocuous and did not rise to
the level of prejudicing the defendant.   


          We
review an order denying a motion for mistrial for an abuse of discretion.  Simpson
v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).  A trial court may properly exercise its
discretion to declare a mistrial where an instruction to disregard could not
cure the prejudice stemming from an event at trial and would not leave the jury
in an acceptable state to continue the trial. 
Young v. State, 137 S.W.3d 65,
69 (Tex. Crim. App. 2004).  A reference to an extraneous offense is
generally cured by a prompt instruction to disregard.  See
Rojas v. State, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998).  An exception exists where the reference was
clearly calculated to inflame the minds of the jury or was of such damning
character as to suggest it would be impossible to remove the harmful impression
from the jurors’ minds.  Id.  We find
that the reference on the videotape was not so prejudicial that it could not
have been cured by an instruction to disregard. 
The trial court thus did not err in denying the motion for
mistrial.  We overrule the issue.

CONCLUSION

          Having
overruled the issues, we affirm the judgment. 

 

 BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed April 13, 2005

Do not publish

[CRPM]






0;                                    BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 10, 1993
Do not publish