In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-101 CR


____________________



GROVER EARL McDOWELL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 04-01-00424-CR






MEMORANDUM OPINION


 A jury convicted appellant Grover Earl McDowell of indecency with a child. See
Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). The trial court accepted the guilty
verdict, found the enhancement paragraph to be true, and sentenced him to twenty years of
confinement in the Texas Department of Criminal Justice Institutional Division. McDowell's
sole issue on appeal challenges the legal and factual sufficiency of the evidence to support
the verdict. We affirm.

 Fourteen-year-old J.P. testified she first became acquainted with McDowell, her uncle,
when she was eleven years old. Over the next few years, McDowell spent time with the
family and stayed the night on weekends at their house in Porter, Texas. McDowell gave her
money, let her drive his car, and bought her gifts such as alcohol, cigarettes, lighters, toys,
and thong underwear. 

 J.P. testified that when she was twelve and thirteen, McDowell would touch her
"private" and her "chest" with his hands. She testified that he would touch her over and
under her clothes. According to J.P., McDowell touched her this way on many occasions at
home and in the car, and once at the movies. State's Exhibit 3, a videotape of J.P.'s forensic
interview, was admitted and played at trial. During the interview, J.P. discussed in detail
McDowell's repeated sexual contact with her at her home, in the car, and at the movies. 

 J.P.'s mother and Detective Lisa Pickering with the Montgomery County Sheriff's
Department testified for the State. J.P.'s mother testified McDowell would give J.P. more
gifts and spend more time with J.P. than with her other children. She testified that J.P. was
a "very happy child" before J.P. knew McDowell, but then J.P. became "distant a little bit,"
her grades dropped, and she began wanting to sleep in her sister's room. 

 McDowell asserts the evidence is legally and factually insufficient to support the
verdict. Specifically, McDowell complains the State failed to prove the date of the offense
alleged in the indictment through any of the witnesses. He argues neither Detective
Pickering's nor J.P.'s mother's testimony incriminated him. He states there was no physical
evidence or eyewitnesses presented, and no evidence that he confessed to the offense. He
says "[t]he only evidence the State presented was a couple of vague sentences from [J.P.] that
she was touched while she was asleep and that she felt something" and "she never clearly
identified [him] as the perpetrator." McDowell also contends the State presented no evidence
that any alleged touching of J.P. by him in the car or at the movies occurred in Montgomery
County, Texas. 

 A legal sufficiency review requires the appellate court to view the evidence in the
light most favorable to the verdict to determine whether a rational fact finder could have
found each element of the offense beyond a reasonable doubt. Ross v. State, 133 S.W.3d
618, 620 (Tex. Crim. App. 2004) (citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781,
61 L.Ed.2d 560 (1979)). In reviewing the factual sufficiency of the evidence, an appellate
court must determine whether, considering all the evidence in a neutral light, the jury was
rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d
477, 484 (Tex. Crim. App. 2004). A reviewing court may find the evidence factually
insufficient in two ways. Id. First, when considered alone, the evidence supporting the
verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. 
Second, after the court weighs the evidence supporting the verdict and the evidence contrary
to the verdict, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met. Id. at 484-85. An appellate court "must give due
deference to the fact finder's determinations concerning the weight and credibility of the
evidence and will reverse the fact finder's determination only to arrest the occurrence of a
manifest injustice." Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). It is
the sole province of the jury to determine the credibility of witnesses and to weigh
contradictory testimony. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). 

 The indictment stated the offense occurred "on or about November 01, 2000[.]" The
"on or about" language of the indictment allows the State to prove a date other than the date
alleged as long as the date is prior to the presentment of the indictment and within the
statutory limitation period. See Tex. Code Crim. Proc. Ann. art. 21.02(6) (Vernon 1989);
Sledge v. State, 953 S.W.2d 253, 255-56 (Tex. Crim App. 1997) (citing Scoggan v. State, 799
S.W.2d. 679, 680 n.3 (Tex. Crim. App. 1990)). "Where an indictment alleges that some
relevant event transpired 'on or about' a particular date, the accused is put on notice to
prepare for proof that the event happened at any time within the statutory period of
limitations." Thomas v. State, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988). J.P. testified
her date of birth is January 23, 1990, and the sexual contact by McDowell started when she
was twelve. She testified the touching ended when she was thirteen. Therefore, the alleged
touching occurred in 2002 and 2003. The statute of limitations for indecency with a child
by sexual contact is ten years from the victim's eighteenth birthday. See Tex. Code Crim.
Proc. art. 12.01(5)(A) (Vernon Supp. 2005). The indictment was returned on January 20,
2004, and J.P. was only fourteen-years-old at the time of trial. The offense of indecency with
a child, as proved, occurred before the presentment of the indictment and within the statutory
limitation period. 

 McDowell argues Detective Pickering's and J.P.'s mother's testimony did not
incriminate him. He states there was no physical evidence or eyewitnesses presented, and
no evidence he confessed to the offense. J.P.'s mother's testimony was inculpatory in that
her testimony corroborated J.P.'s testimony regarding McDowell's giving J.P. gifts and
spending time alone with her. Detective Pickering testified there was no medical exam
because there was no outcry of penetration in this case. J.P. testified her youngest sister told
her she saw McDowell touch her inappropriately. Her sister did not testify at trial. The lack
of physical or forensic evidence is a factor for the jury to consider in weighing the evidence. 
See Johnson v. State, 176 S.W.3d 74, 78 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd). 
 McDowell further argues J.P. failed to identify him as the perpetrator of the sexual
contact at J.P.'s home. McDowell says J.P. "did not sufficiently identify [McDowell] as the
perpetrator of the offense in [J.P.]'s house because she testified that it happened when she
was asleep." He contends the following exchange is insufficient to prove J.P. identified him
as the perpetrator:

 Q (Prosecutor): Okay. Tell the jury what would occur in your own room
with Grover when you were age 12.

 A (J.P.): Whenever I was asleep he comes in the room, and
whenever I'm laying down he'd touch me and I'd move
so he wouldn't do it. Then he'll try again, and if he can't
get to me he'd leave.

 Q: How do you know that Grover McDowell was touching
you?

 A: Because I felt it.

 . . . 

 Q: How do you know that Grover McDowell was touching
your private?

 A: I felt him and I could feel things when I was sleeping.


On the videotape of J.P.'s forensic interview played for the jury, J.P. stated that McDowell
touched her while she was sleeping, she woke up, and told McDowell to get out of her room. 
Throughout the trial and throughout the videotape, J.P. identified McDowell as the
perpetrator of the sexual contact. J.P.'s statements during the forensic interview were
consistent with her testimony at trial. 

 We do not reach the issue of venue regarding the sexual contact in the car and at the
movies because the elements of the offense were proven as to the sexual contact at J.P.'s
home. McDowell acknowledges the State has proven the house is in Montgomery County. 
 Reviewing all the evidence in the light most favorable to the verdict in a legal
sufficiency review, we conclude a rational trier of fact could have found beyond a reasonable
doubt that McDowell was guilty of the offense charged. Based on a factual sufficiency
review of the entire record, we conclude the jury was rationally justified in its verdict. 
McDowell's issue is overruled. The judgment is affirmed.

 AFFIRMED.

 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on March 28, 2006 

Opinion Delivered June 14, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.