**150-15**

ORIGINAL

CAUSE NO. PD-0150-15

IN THE

TEXAS COURT OF CRIMINAL APPEALS

AT AUSTIN,TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 16 2015

Abel Acosta. Clerk

FILED IN
COURT OF CRIMINAL APPEALS

SEP 16 2015

Abel Acosta, Cierk

DANNY RAY RANCHER,APPELLANT PRO SE,

V.

THE STATE OF TEXAS, APPELLEE

---

Appealed From the 9th Court of Appeals Cause Nos.

09-13-00355-CR & 09-13-00356-CR From The 9Th.,

Court of Appeals;Trial Cause Nos. 12-01-00820-CR

(Counts 1 And 2),221St,Judicial District,Montgomery

County,Texas,Honorable Robert Trapp Sitting as 22St,District Judge

---

PRO SE PETITION FOR DISCRETIONARY REVIEW

SEEKING REVIEW BECAUSE CONSTITUTIONAL ERROR

IN VIOLATION OF USCA. CONST.ARTS. 1§9,Cl.3;

1§10,Cl.1 AND TEX.CONST. ART.1§16 AS PROHIBITED

BY STATE AND FEDERAL EX POST FACTO CLAUSES ARE

REVEALED FROM THE RECORD TO OBTAIN CONVICTIONS

---

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COMES Appellant Pro se, Danny Ray Rancher and respectfully submits this Petition for Discretionary Review Because Constitutional Error in violation of the State and Federal Ex Post Facto Clauses pursuant to USCA. CONST. ARTS.1§9, Cl.3;1§10,Cl.1, and Tex.Const. Art.1§16 as revealed from the Records and used to obtain both convictions and punishments. And in support would show as follows:

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT PRO SE ON "PDR":

Danny Ray Rancher,TDCJ-ID#1884198
Rt. 2 Box 4400
Hughes Unit
Gatesville, Texas 76597

JUDGE:

Honorable Robert Trapp
Sitting a 221st District Court
207 W. Phillips
Conroe,Texas 77301

PROSECUTION:

Ms. Mary Nan Huffman
State Bar No. 24058581
Assistant District Attorney
Montgomery County
207 W. Phillips, 2nd Floor
Conroe,Texas 77301

Mr. Vince Santini
State Bar No. 240063410
Assistant District Attorney
207 W. Phillips, 2nd. Floor
Conroe, Texas 77301

DEFENSE COUNSEL:

Mr. Jarred L. Walker
State Bar No.00788601
300 W. Davis Suite 450
Conroe,Texas 77301

Ms. Wendy Little
State Bar No. 240039509
141 N. San Jacinto
Conroe, Texas 77301

COURT APPOINTED APPELLATE COUNSEL:

Mr. William L. Pattillo
State Bar No. 00792745
430 N. Main
Conroe, Texas 77301

COUNSEL FOR STATE IN APPELLATE COURT:

Mr. Jason Larman
Assistant District Attorney
207 W. Phillips, 2nd Floor
Conroe, Texas 77301

## TABLE OF CONTENTS

Identity of Judge, Parties and Counsel.......................................ii

Table of Contents.......................................................iii

Index of Authorities.....................................................iv

Statement Regarding Oral Argument........................................v

Statement of the Case....................................................vi

Statement of Procedural History.....................................vii,viii

Grounds for Review.......................................................1

Argument..............................................................2-15

Prayer for Relief......................................................15

Appendix 1, Memorandum Opinion 9th Court of Appeals...................Attached

INDEX OF AUTHORITIES

Beazell v. Ohio, 46 S.Ct. 68 (1925)........................................13,14

Bowers v. State, 914 SW.2d. 213 (Tex.App.8-Dist. 1996).........................4

Calder v. Bull, 3 Dall. 386,390,1 L.Ed. 640 (1798)..........................7,13

Carmell v. Texas, 120 S.Ct. 1620 (2000).......................................7

Garcia v. State, 125 SW.3d. 921 (Tex.Cr.App. 2004)............................3

Ieppert v. State, 908 Sw.2d. 217 (Tex.Cr.App. 1995)...............2,8,11,12,13

Jaehne v. New York, 9 S.Ct. 70 (1880).......................................15

Johnson v. United States, 120 S.Ct. 1795 (2000)..............................4

Kotteakos v. United States, 66 S.Ct. 1239 (1946).............................3

Leday v. State, 983 SW.2d. 713 (Tex.Cr.App. 1998)............................7

Marks v. United States, 97 S.Ct. 990 (1977)................................13

Martinez v. State, 178 SW.3d. 806 (Tex.Cr.App. 2005).........................4

Martinez v. State, 188 SW.3d. 291 (Tex.App. 1-Dist.2006).....................4

Miller v. Florida, 107 S.Ct. 2446 (1987)...................................13

Phillips v. State, No.PD-1402-09 (Tex.Cr.App. 2011).........................2

Scoggan v. State, 799 SW.2d. 679 (Tex.Cr.App. 1990).........................7

Stogner v. California, 123 S.Ct. 2446 (2003)........................3,7,12,15

## STATEMENT REGARDING ORAL ARGUMENT

No Oral Argument is requested by Appellant Pro se, therefore Oral Argument is deemed waived by this party. And in its discretion,the Court of Criminal Appeals may decide this Cause without Oral Argument because argument would not significantly aid the Court in determining the issues presented. See TRAP.Rule 39.8.

# STATEMENT OF THE CASE

On May 31,2012, the Grand Jury for Montgomery County, Texas indicted the Petitioner Danny Ray Rancher for the First-Degree Felony Offense of Aggravated Sexual Assault of a Child (Count I) and the Second-Degree Felony Offense of Sexual Assault of a Child Arising from the same transaction (Count II), alleged to have been committed against the same victim on NOVEMBER 8,1996)(Clerk's Record Count I ("CRI" at 23-24;Clerk's Record,Count II ("CRII" at 19-20).

On July 22, 2013, the Petitioner's jury trial began in the 221st District Court, the Honorable Robert Trapp, presiding. On July 24, 2013, after hearing evidence from both the State and Petitioner, the Jury convicted the Petitioner of both Count I and Count II, as charged in the State's indictment. (RR. VOL. 5 at 29,lines 3-15).

On July 25,2013, the same Jury, after considering the evidence presented by the State of Continuous Sexual Abuse of a Child and the evidence presented by Petitioner, sentenced the Petitioner to confinement for Life and a $10,000.00 fine for Count I, and confinement for a Maximum Twenty Years for Count II. (RR. Vol.6 at 93-94,lines 23-25,1-12).

On August 2, 2013 the Petitioner's Trial Counsel filed a timely Notice of Appeal, and the trial court appointed Appellate Counsel to represent the Petitioner on direct appeal. And Petitioner appealed the trial court's judgements and sentence with timely filed brief on the merits to the 9th Court of Appeals at Beaumont,Texas.

## STATEMENT OF PROCEDURAL HISTORY

On May 31,2013, the Grand Jury for Montgomery County,Texas indicted the Petitioner, Danny Ray Rancher for the First-Degree Felony Offense of Aggravated Sexual Assault of a Child (Count I) and the Second-Degree Felony Offense of Sexual Abuse of a Child (Count II), both allegedly to have been committed on November 8, 1996.

On July 22, 2013, well over Sixteen (16) years,thereafter the commission of the Sexual Abuses of a Child Offenses were allegedly committed on November 8,1996, exceeding the former available defense of a -10- year Statute of Limitations, jury trial began.

On July 24,2013, after hearing unobjected evidence of Continuous Sexual-Abuse of a Child from the alleged victim then Twenty-Nine Years Old, the same Jury convicted Petittioner upon return of General Verdict of Guilty as alleged in Counts I and II of the State's indictment.

On July 25, 2013, the same Jury further considering the same evidence of Continuous Sexual Abuse of a Child beginning at age Eight (8) by the State also at the punishment stage, sentenced the Petitioner to confinement for Life and a $10,000.00 Fine for Count I and a Maximum Twenty Years for Count II, when prosecuted for the New Offense.

On August 2, 2013, the Petitioner's trial counsel filed a timely Notice of Appeal and withdrew from appellate representation. Then the trial court appointed Mr. William L. Patillo to represent him as an Indigent Appellant on direct appeal.

Petitioner's Appellants Brief was due to had been filed on November 27,2013, and Court Appointed Appellate Counsel filed for and was granted a Second Motion for an Extension of Time to file an Appellant's Brief. Thus,making the Brief due to had been timely filed on or before December 28,2013, In Consolidated Appeal Nos. 09-13-003555-CR, and 09-13-00356-CR.

On December 31,2013, Petitioner's Appellant's Brief was actually filed with the Ninth Court of Appeals at Beaumont, Texas, thereby advancing Two Points of Error regarding Inadmissible Outcry witness testimony violative of Tex.Code Crim. Proc. Art.38.072. Oral Argument was not requested.

On February 24,2014,the State filed its Appellate Brief, after having been granted an Extension of Time in which had done so on January 29,2014.

The Clerk of the Ninth Court of Appeals notified both parties that said Causes on Appeal, were Submitted to the Court on the Briefs before a Panel of Justices to be heard on September 10,2014.

On January 28, 2015, the Ninth Court of Appeals entered a Memorandum Opinion, ruling adversely against the Petitioner and resolving the dispute over which version of Article 38.072 applied to the facts was to the current version, of the Statute. APPENDIX 1.Further affirming the Judgements and Sentences of the trial court.

On February 11, 2015, the Court of Criminal Appeals granted Petitioner's First Motion for Extension of Time in which to timely file a Pro Se Petition For Discretionary Review (PDR) as No.PD-0510-15. Wherein such time in which to had filed the Pro se ("PDR"), was extended up and until Tuesday, April 28,2015. With further directions that "No further Extensions would be entertained."

On May 1, 2015, the Petitioner's Pro se ("PDR") was received and deemed filed by the Clerk of the Texas Court of Criminal Appeals.

On June 10,2015, the Court of Criminal Appeals issued a Per Curiam Opinion Striking Petitioner's Pro se Petition for Discretionary Review ("PDR") because of non-compliance with the -15- page limitaion pursuant to TRAP. Rule 9, with Two Judges Dissenting.

On July 14, 2015, the Texas Court of Criminal Appeals denied Petitioner's timely filed Motion to Exceed the -15- page limit.

On August 4, 2015, the Texas Court of Criminal Appeals denied Petitioner's timely filed Pro se Motion for Reconsideration of his Motion to had exceeded the -15- page limit. Then granted Alternative Relief as to an Extension of Time until September 4, 2015 to filed a corrected Pro se Petitition for Discretionary Review.

## GROUNDS FOR REVIEW

NUMBER ONE: THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING TINA FULLEN TO TESIFY AS AN OUTCRY WITNESS UNDER TEX.CODE CRIM.PROC.ART.38.072,AMENDED AND CURRENT VERSION OF THE HEARSAY STATEMENTS MADE BY A CHILD AS FURTHER RESOLVED BY THE COURT OF APPEALS,AND PROHIBITED BY THE STATE AND FEDERAL EX POST FACTO CLAUSES PURSUANT TO USCA.CONST.ARTS.1§9,Cl.2,1§10,Cl.1,AND TEX.CONST. ART.1§16,ALTERING THE RULES OF EVIDENCE REQUIRING THAT THE CHILD MUST BE 14 YEARS OF AGE OR YOUNGER AND THE FORMER STATUTE REQUIRED THAT THE CHILD MUST HAD BEEN 12 YEARS OR YOUNGER,WHEREAS THE FIRST OUTCRY WAS MADE WHEN THE CHILD WAS OLDER THAN 12 YEARS OF AGE BEING -13- OR OLDER.

NUMBER TWO: THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING OFFICER ADAM KULAK TO TESTIFY AS AN OUTCRY WITNESS UNDER TEX.CODE CRIM.PROC.ART. 38.072, AMENDED AND CURRENT VERSION OF THE HEARSAY STATEMENTS MADE BY CHILD AS FURTHER RESOLVED BY THE COURT OF APPEALS,AND PROHIBITED BY THE STATE AND FEDERAL EX POST FACTO CLAUSES PURSUANT TO USCA.CONST.ARTS. 1§9,Cl.3, 1§10,Cl.1; TEX.CONST. ART.1§16,ALTERING THE RULES OF EVIDENCE REQUIRING THAT THE CHILD MUST BE 14 YEARS OR YOUNGER AND THE FORMER STATUTE REQUIRED THAT THE CHILD MUST HAD BEEN 12 YEARS OR YOUNGER,WHEREAS THE FIRST OUTCRY WAS MADE TO KULAK WHEN THE COMPLAINANT WAS 28 YEARS OLD.

NUMBER THREE:APPELLANE WAS CONVICTED,PROSECUTED AND PUNISHED FOR CONTINUOUS SEXUAL ABUSE OF A YOUNG CHILD,PURSUANT TO TEX.PENAL CODE § 21.02 (2007) WHICH HAD NOT YET BEEN ENACTED AT THE TIME OF THE ALLEGED COMMISSION OF AGGRAVATED SEXUAL ASSAULT OF A CHILD AND SEXUAL ASSAULT OF A CHILD 14 YEARS OF AGE OR YOUNGER ON NOVEMBER 8,1996,AND THE EX POST FACTO CLAUSES OF THE UNITED STATES AND TEXAS CONSTITUTIONS PURSUANT TO USCA.CONST.ARTS.1§9,Cl.3,1§10,AND TEX.CONST.ART.1§16 DOES NOT PERMIT SUCH PROSECUTION OR CONVICTION WHICH DID NOT CONSTITUTE CRIMINAL OFFENSE OF CONTINUOUS ABUSE OF A CHILD WHEN IT HAPPENED.

NUMBER FOUR:PETITIONER WAS DEPRIVED OF A COMPLETE DEFENSE UNDER THE FORMER !) YEAR STATUTE OF LIMITATIONS (TEX.CODE CRIM.PROC.ART.12.01(2)(D)(1991), BARRING THE ALLEGED CRIMES OF AGGRAVATED ASSAULT OF A CHILD AND SEXUAL ASSAULT OF A CHILD WHEREAS SUCH A DEFENSE WAS AVAILABLE ON NOVEMBER 8,1996,AT THE TIME SUCH CRIMES WERE ALLEGEDLY COMMITTED,RATHER THAN THE RETROACTIVE APPLICATION OF THE AMENDED VERSIONS OF THE STATUTE/S IN 91997) AND (2007) STARSTEPPED TO REVIVE AN OTHERWISE TIME BARRED PROSECUTION FIRST UNTO THE TENTH YEAR FROM THE 18TH BIRTHDAY OF THE VICTIM OF THE OFFENSE,THEN UNTO NO LIMITATIONS PERIOD AT ALL,THUS,VIOLATIVE OF THE STATE AND FEDERAL EX POST FACT CLAUSES AS PROHIBITED BY USCA.CONST.ARTS.1§9,Cl.3,1§10,Cl.1; TEX. CONST. ART. 1§16.

1

ARGUMENT/S

NUMBER ONE: THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING TINA FULLEN TO TESTIFY AS AN OUTCRY WITNESS UNDER TEX.CODE CRIM.PROC. ART.38.072,AMENDED AND CURRENT VERSION OF THE HEARSAY STATEMENTS MADE BY A CHILD AS FURTHER RE-SOLVED BY THE COURT OF APPEALS,AND PROHIBITED BY THE STATE AND FEDERAL EX POST FACTO CLAUSES PURSUANT TO USCA.CONST.ARTS. 1§9,CL.3; 1§10,CL.1, AND TEX.CONST. ART. 1§16,ALTERING THE RULES OF EVIDENCE REQUIRING THAT THE CHILD MUST BE 14 YEARS OF AGE OR YOUNGER WHEN THE FORMER STATUTE REQUIRED THAT THE CHILD MUST HAD BEEN 12 YEARS OR YOUNGER,WHEREAS THE FIRST OUTCRY WAS MADE WHEN THE CHILD WAS OLDER THAT 12 YEARS OF AGE BEING 13 YEARS OLD, OR OLDER.

NUMBER TWO: THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING OFFICER ADAM KULAK TO TESTIFY AS AN OUTCRY WITNESS UNDER TEX.CODE CRIM.PROC. ART.38.072, AMENDED AND CURRENT VERSION OF THE HEARSAY STATEMENTS MADE BY A CHILD AS WAS FURTHER RESOLVED BY THE COURT OF APPEALS,AND PROHIBITED BY THE STATE AND FEDERAL EX POST FACTO CLAUSES PURSUANT TO USCA.CONST.ARTS. 1§9,CL.3, 1§10,CL.1; TEX.CONST. ART.1§16,ALTERING THE RULES OF EVIDENCE REQUIRING THAT THE CHILD MUST HAD BEEN 12 YEARS OLD OR YOUNGER,WHEREAS THE FIRST OUTCRY WAS MADE TO KULAK WHEN THE COMPLAINANT WAS 28 YEARS OLD.

TO Avoid being redundant and make every effort to comply with the -15- pages Limitations Rule,the Petitioner incorporates by Reference the foregoing Number One and Two Ex Post Facto Claims as presented for review in accord with this C Courts decision in IEPPERT V. STATE, 908 SW.2d. 217 (TEX.CR.APP. 1995).

RETROACTIVE APPLICATION OF AMENDED ART. 38.072 TINA FULLEN'S TESTIMONY

The thrust of Petitioner Pro se's argument on his first issue is that the trial court improperly admitted the outcry testimony by Retroactively applying an Ex Post Facto Amended Version of Tex.Code Crim.Proc.Art.38.072 (2009),TO Sexual Abuses of a Child Offenses allegedly committed on November 8,1996).

The initial inquiry in any review of a Child victim's Hearsay Statements sought to be introduced as evidence under Art.38.072, is the Age requirement of the Child at the time the Statement/s was/were made. Under the version of Art.38.072, effective and existing prior to September 1,2009, required the child to be -12- years or younger. Then,if the age of the Child was THIRTEEN (13) Years Old or Older,clearly Pre-Amended Art.38.072, would render such Statement/s Inadmissible as evidence. The records of the acse shows that Complainant gave a letter to her mother, (MS.FULLEN) when she was -13- years old detailing her allegations of Continuous Sexual Abuse. One cannot argue that under the current version of 38.072, changing the Child's age from -12- years old or younger unto 14 years of age or younger that the letter would meet the required age and qualify as an Initial Outcry Statement. However,because Art.38.072, Pre-Amendment as it existed at the time the Complainant gave Ms. Fullen the letter,Required evidence that the Child be TWELEVE (12) OR YOUNGER. Therefore this letter would not qual-ify as Outcry statements and were inadmissible under the Ex Post Facto Clauses

2

under the Pre-Amended version of Art.38.072, and further an available defense at the time the alleged Sexual Abuse crimes were committed.

## II.

### RETROACTIVE APPLICATION OF AMENDED VERSION OF ART.38.072 (2009) By Allowing Officer Adam Culak To Testify As An Outcry Witness

The trial court improperly allowed Officer Adam Culak to testify to Hearsay Statements the Complainant made to him. And an Outcry Hearing held outside the presence of the jury, Officer Culak testified as a Second Outcry witness,that the Complainant told him that the Petitioner CONTINUED TO SEXUALLY ABUSE HER FROM THE AGE OF THIRTEEN (13) UNTIL SHE WAS ALMOST EIGHTEEN (18) YEARS OLD." (RR.VOL. 4 at 255). The Trial Court overruled the Petitioner's 38.072, general objections and allowed the elicit this inadmissible testimony from Officer Culak before the Jury. (RR.VOL. 4 at 260). The Complainant made these Statements to Officer Culak in 2011, when she was well over the Age of Thirteen. (RR.VOL.3 at 61). The Complainant was born on NOVEMBER 8, 1983. (RR.VOL. 3 at 20). Her Statements to Officer Culak were made sometimes in late November 2011,or at the latest in January of 2012. (RR. VOL. at 139-40). Showing that the Complainant was at least TWENTY-SEVEN or TWENTY-EIGHT YEARS OLD. When she made the Statements to Officer Culak.

The Pre-amended version of Art.38.072,in existence and available at the time when the alleged Aggravated Sexual Assault of a Child and Sexual Assault of a Child,clearly required that the Child be Twelve--Years of Age or Younger, as was/ is applicable on NOVEMBER 8,1996. Rather than the Retroactive application of the Amended Art.38.072, September 1,2009,version, when she was well over the age of thirteen. Thus,prohibited by the State and Federal Ex Post Facto Clauses.Seeking to revive an already mandated 12 years or younger evidentiary requirement under the Pre-Amended Statute,to be resurrected and prosecuted under the current version applied Retroactively to 27-28 years old. See STOGNER V. CALIFORNIA, 123 .S.CT. 2446 (2003);PHILLIPS V. STATE, NO.PD-1402-09 (TEX.CR.APP. 2011).

"As this Court noted in GARCIA V. STATE, 125 SW.3d. 921 (TEX.CR.APP. 2004), "If when all is said and done, the conviction is sure that the error did not influence the "Jury",or had but a slight effect, the judgement should stand, . . . but if one cannot say,with fair assurance,after pondering all that happened without stripping the erroneous action from the whole,that the judgement was not substantially swayed by the error,it is impossible to concluded that substantial rights were not affected." Id. at 927 n.9 (Quoting KOTTEAKOS V. U.S., 66 S.CT. 1239 (1946)).

Cf. MARTINEZ V. STATE, 188 SW.3d. 291 (TEX. APP. 1-DIST. 2006), On remand ,after Court of Criminal Appeals, reversed, holding that: "The majority was mistaken in its conclusion that admitting hearsay testimony (Complainant's Outcry) by the Complainant's Mother) was admissible under Article 38.07. "In MARTINEZ V. STATE,178 SW.3d. 806 (TEX.CRIM.APP. 2005), remanded:"To Determine whether the Admission of the Outcry was Harmless Error." Id.

"Error in admitting testimony of victim's Mother regarding what victim told her about offense was HARMFUL in prosecution for Indecency With a Child; Absent Improperly Admitted Evidence, only direct evidence supporting verdict was victim's testimony,thereby making her credibility essential to the conviction, . . . And during mother's testimony trial judge instructed Jury about its role as Judge of the Credibility of Testimony and its right to consider what victim told Mother, and thus, there was not fair assurance that error did not have substantial and injurious effect or influence in determining jury's verdict." TRAP. 44.2(b).Id.

"Because A.R. was Older than twelve (12), the Outcry Testimony Given by A.R.'s Mother WAS NOT ADMISSIBLE." "A.R.'s Mother was the witness immediately preceding A.R.'s Testimony. This Testimony was introduced as background Testimony and gave context about which MARTINEZ complains, and the subsequent testimony given by A.R. without objection." Id.

"RETROACTIVE APPLICATION OF 1993 AEMNDMENT TO STATUTE RELATING TO EVIDENCE IN SEX OFFENSE PROSECUTION UNDER WHICH EITHER OUTCRY BY VICTIM WITHIN ONE YEAR OR CORROBORATION OF VICTIM'S TESTIMONY IS REQUIRED IN ORDER TO SUPPORT CONVICTION ONLY WHEN VICTIM IS 18 YEARS OF AGE OR OLDER,ALTERS RULES OF EVIDENCE TO REQUIRE LESS EVIDENCE TO SUSTAIN CONVICTION AND VIOLATES EX POST FACTO CLAUSE."USCA.CONST. ART. 1§10,CL.1;TEX.CODE CRIM.PROC. ART. 38.07. BOWERS V. STATE, 914 SW.2d. 213 (TEX.APP. 8-DIST. 1996).

"WE FIND THAT THE OUTCRY STATUTE FOUND AT TEX.CODE CRIM.PROC.ART. 38.07 WAS AMENDED SO AS TO ALLOW CONVICTION UPON LESS EVIDENCE THAN WAS REQUIRED WHEN THE ALLEGED OFFENSE OCCURRED." Id.

"THE EX POST FACTO CLAUSE RAISES TO THE CONSTITUTIONAL LEVEL ONE OF THE MOST BASIC PRESUMPTIONS TO OUR LAW;LEGISLATION,ESPECIALLY OF THE CRIMINAL SORT IS NOT TO BE APPLIED RETROACTIVELY." USCA.CONST.ART. 1§9,Cl.3. JOHNSON V. UNITED STATES, 120 S.CT. 1795 (2000).

Even under the current and Amended version, Art.38.072(2009), still mandates that the Statements Must be made by a Child Younger that Fourteen years of age and in this case,because the Complainant was Twenty-Seven or Twenty-Eight Years old at the time when she made her Outcry to Officer Culak. This Amended Statute does not provide an Exception to the Hearsay Rules or adduce evidence at this trial sufficient to had established an Outcry under either version of the Statute.

4

## ARGUMENT WITH SUPPORTING AUTHORITIES

USCA.CONST.ART. 1§9,Cl.3, pertinent here provides: "No . . . Ex Post Facto Law Shall be passed."

USCA.CONST. ART. 1§10,Cl.1, pertinent here provides: "No State Shall;Pass any Ex Post Facto Law."

USCA.CONST. ART. VI,Cl.2, pertinent here provides: "This Constitution,and the Laws of the United States which shall be made in Pursuance thereof;, under the Authority of the United States, shall be the Supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of Any State to the Contrary Notwithstanding."

USCA.CONST. AMEND. XIV§1, pertinent here provides: "All persons born . . . in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; Nor shall any State deprive any person of life,liberty, or property, without Due Process of Law; Nor deny yo any person within its jurisdiction the Equal Protection of the Laws."

TEX.CONST. ART.1§16, pertinent here provides: "No . . . Ex Post Facto Law,Retroactive law, shall be made."

TEX.CODE CRIMINAL PROCEDURE,ART.38.072, in effect on the alleged Sexual Assault Of a Child Offense as former Evidence in Criminal Actions committed on November 8th, 1996,provided: "Hearsay Statement of Child Abuse Victim."

SEC.1. "This article applies to a proceeding in the prosecution of an offense under any of the following provisions of the Penal Code,"IF COMMITTED AGAINST A CHILD 12 YEARS OF AGE OR YOUNGER:"

(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);
(2) Section 25.02 (Prohibited Sexual Conduct); or
(3) Section 43.25 (Sexual Performance by a Child).

SEC.2. (a) "This article applies only to statements that Describe the alleged offense that:

(1) "Were made by the child against whom the offense was allegedly committed; and

(2) "Were made by the FIRST PERSON, 18 YEARS OF AGE OR OLDER, other than THE DEFENDANT, to whom the child made a statement about the offense."

(b) "A Statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) "On before the 14th day before the date the proceeding begins,the party intending to offer the statement:

(A) Notifies the adverse party of its intention to do so;

(B) "Provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) "Provides the adverse party with a written summary of the statement;

(2) "The trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the TIME,CONTENT, and CIRCUMSTANCES OF THE STATEMENT; and

(3) "The Child testifies or is available to testify at the proceeding in court or in any other manner provided by law."

"Added by Acts 1985,69th Leg.,ch,590,§1,eff,Sept.1,1985. Amended by Acts 1995, 74th Leg. ch. 76, § 14.25, eff.Sept.1, 1995.

TEX.CODE CRIMINAL PROCEDURE,ART. 38.072, as Complained of as being Retroactively APPLIED to Appellant's Serious Disadvantage, detriment and altering the Rules of evidence as prohibited by the Federal and State Ex Post Facto Clauses,provides:

"HEARSAY STATEMENT OF CERTAIN ABUSE VICTIMS."

SEC.1. "This Article applies to a proceeding in the prosecution of an offense under any of the following provisions of the Penal Code,if COMMITTED AGAINST A CHILD YOUNGER THAN 14 YEARS OF AGE OR A PERSON WITH A DISABILITY:

(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);

(2) Chapter 25.02 (Prohibited sexual Conduct);

(3) Section 43.25 (Sexual Performance by a CHILD);

(4) Section 43.05(a)(2) (Compelling Prostitution);

(5) Section 20A.02(a)(7) or (8) (Trafficking of Persons); or

(6) Section 15.01 (Criminal Attempt), if the offense attempted is described by Subdivision (1)(2)(3)(4),or (5) of this section.

SEC.2. (a) This article only applies to statements that:

(1) Describes:

(A) The alleged Offense;or

(B) "IF THE STATEMENT IS OFFERED DURING THE PUNISHMENT PHASE OF THE PRO-CEEDING, A CRIME,WRONG,OR ACT OTHER THAN THE ALLEGED OFFENSE THAT IS:

(i) Described by Section 1;

(ii) "Allegedly committed by the defendant against the Child who is the victim of the offense, . . . and

(iii) Otherwise admissible as evidence under Article 38.37, Rule 404 or 405, Texas Rules of Evidence,or another law or rule of evidence of this State;

(2) Were made by the Child or person with a Disability against whom the charged offense or extraneous crime, wrong,or act was allegedly committed; and

(3) Were made to the First person, 18 years of age or older,other than the defendant, to whom the child or person with a disability made a statement about the offense or extraneous crime,wrong,or act.

(b) A Statement that meets the requirements of Subdivision (a) is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins,the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witnesses through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) THE TRIAL COURT Finds,In a Hearing Conducted Outside the Presence of the Jury, That the Statement is reliable based on the Time,Content,and Circumstances of the statement; and

(3) the child or person with a disability testifies or is available to testify at the proceeding in court or in any manner provided by law.

SEC.3. In this article, "PERSON WITH A DISABILITY" means a person 13 years of age or older who because of age or physical or mental disease,disability, or injury is substantially unable to protect the person's self from harm or to provide food,shelter,or medical care for the person's self."

ACTS 2009,81st Leg.,Ch, 710, SUBSITUTUTED "YOUNGER THAN 14 YEARS OF AGE" FOR "12 YEARS OF AGE OR YOUNGER" AAdded Aubsec.(4); and rewrote §2(a).

2011 LEGISLATION.

ACTS 2011, 82nd Leg.ch, 1 (S.B. 24, redesignated § 1(4) as §1(6),and as redesignated,inserted, " (4)(,or (5)", inserted § 1(4) and (5); . Section 7.01 of Acts 2011,82nd Leg., ch. 1 (S.B. 24) provides:

"The Change in law made by this Act applies only to an Offense committed on or After the effective date [SEPT.1,2011] Of this Act. An offense commit-BEFORE the effective date of this Act is governed by the law in effect on the date the offense was committed, and the FORMER LAW is Continued in effect for that purpose. For purposes of this Section an Offense was COMMITTED BEFORE THE EFFECTIVE DATE OF THIS ACT IF ANY ELEMENT OF THE OFFENSE OCCURRED BEFORE THAT DATE."

"THE "OUTCRY OR CORROBORATION" REQUIREMENT WAS NOT SATISFIED FOR THOSE CON-VICTIONS; THEY RESTED SOLELY ON THE VICTIM'S TESTIMONY. ACCORDINGLY,THE VERDICTS ON THOSE FOUR COUNTS STAND OR FALL DEPENDING ON WHETHER THE CHILD VICTIM EXCEPT-ION APPLIES. "UNDER THE OLD LAW,THE EXCEPTION WOULD "NOT" APPLY,BECAUSE THE VIC-TIM WAS MORE THAN 14 YEARS OLD AT THE TIME OF THE ALLEGED OFFENSES. UNDER THE NEW LAW,THE EXCEPTION WOULD APPLY BECAUSE THE VICTIM WAS UNDER 18 YEARS OLD AT THAT TIME. IN SHORT,THE VALIDITY OF PETITIONER'S CONVICTIONS DEPENDS ON WHETHER THE OLD OR THE NEW LAW APPLIES TO HIS CASE,WHICH IN TURN,DEPENDS ON WHETHER THE EX POST FACTO CLAUSE PROHIBITS THE APPLICATION OF THE NEW VERSION OF ARTICLE 38.07 TO HIS CASE." Cf. CARMELL V. TEXAS, 120 S.CT. 1620 (2000).

"The Third feature is that Article 38.07, Establishes a sufficiency of the Rule respecting the minimum quantum of Evidence **nacessary** to sustain a conviction. If the statute's requirements are not met (for example, by introducing the uncorro-borated testimony of a 15 year old victim who did not make a timely outcry), a def-endant cannot be convicted, and the Court must enter a judgement of acquittal." See LEDAY V. STATE, 983 SW.2d. 713 (TEX.CR.APP. 1998); SCOGGAN V. STATE, 799 SW.2d. 679 (TEX.CR.APP. 1990). Texas Amended Article 38.07, effective September 1,1993.The Amendment extended the Child victim exception to victims under 18 years old. For four of petitioner's, that Amendment was critical." CARMELL, supra.

"IN CALDER V. BULL,3 DALL. 386, 390, 1 L.Ed. 648 , JUSTICE CHASE STATED THAT THE PROSCRIPTION AGAINST EX POST FACTO LAW WAS DERIVED FROM ENGLISH COMMON LAW WELL KNOWN TO THE FRAMERS,AND SET OUT FOUR CATEGORIES OF EX POST FACTO CRIMINAL LAWS:

"1ST.EVERY LAW THAT MAKES AN ACTION DONE BEFORE THE PASSING OF THE LAW,AND WHICH WAS INNOCENT WHEN DONE,CRIMINAL,AND PUNISHES SUCH ACTION." 2ND. "EVERY LAW THAT AGGRAVATES A CRIME,OR MAKES IT GREATER THAN IT WAS,WHEN COMMITTED." 3RD."EVERY LAW THAT CHANGES THE PUNISHMENT,AND INFLICTS GREATER PUNISHMENT,THAN THE LAW ANNEXED TO THE CRIME,WHEN COMMITTED." 4TH. "EVERY LAW THAT ALTERS THE LEGAL RULES OF EVIDENCE AND RECEIVES ELSE,OR DIFFERENT,TESTIMONY,THAN THE LAW REQUIRED AT THE TIME OF THE COMMISSION OF THE OFFENCE,IN ORDER TO CONVICT THE OFFENDER."

"There is plainly a fundamental fairness interest in having the government abide by the Rules of Law it establishes to govern the circumstances under which it can deprive a person of his or her liberty or Life. Id.

"AMENDMENT TO TEAXS STATUTE WHICH AUTHORIZED CONVICTION OF CERTAIN SEXUAL OFFENSE ON VICTIM'S TESTIMONY ALONE,WHERE PREVIOUSLY CORROBORATING EVIDENCE HAD BEEN REQUIRED,WAS NOT SIMPLY WITNESS COMPETENCY RULE,BUT WAS SUFFICIENCY OF THE EVIDENCE RULE,FOR PURPOSE OF ANALYZING RULE UNDER THE EX POST FACTO CLA-USE." USCA.CONST.ART.:1§10,Cl.1; VERNON'S ANN.TEX. CCP.ART. 38.07; ART. 38.07 (1992). CARMELL,Supra.

"GIVEN THAT THE NEW STATUTE PURPORTED TO AUTHORIZE PROSECUTION FOR CRIMINAL ACTS ALLEGEDLY COMMITTED MANY YEARS BEFOREHAND-EVEN IF THE ORIGINAL LIMITATIONS PERIOD HAD EXPIRED-AS LONG AS PROSECUTION BEGAN WITHIN A YEAR OF AN ALLEGED VIC-TIM'S FIRST COMPLAINT TO THE POLICE,THE NEW STATUTE THREATENED THE KINDS OF HARM THAT THE EX POST FACTO PROHIBITION SOUGHT TO AVOID,SUCH AS UNJUST AND OPPRESSIVE RETROACTIVE EFFECTS (b) LACK OF FAIR WARNING, (c) ARBITRARY AND POTENTIALLY VIN-DICTIVE LEGISLATION." STOGNER V. CALIFORNIA, 123 S.CT. 2446 (2003).

7

The records of the case reveals that Petitioner was prosecuted,convicted and punished for:"CONTINUOUS SEXUAL ABUSE OF A YOUNG CHILD,"Pursuant to TEX. PENAL CODE ANN.§ 21.02 (2007), which had not yet been enacted at the time of his alleged Criminal Conduct alleging AGGRAVATED SEXUAL ASSAULT OF A CHILD and SEXUAL ASSAULT committed on NOVEMBER 8,1996. And such Convictions were/are barred by the Ex Post Facto Clauses of USCA.CONST. ARTS. 1§9,Cl.3; 1§10,Cl.1, and TEX.CONST. ART.1§16.

"AN EX POST FACTO COMPLAINT ABOUT THE IMPROPER RETROACTIVE APPLICATION OF A PENAL STATUTE IS NOT REALLY A COMPLAINT ABOUT ERRORS OR DEFECTS IN AN ACCUS-ATORY PLEADING TO A JURY CHARGE. RATHER IT IS A COMPLAINT THAT THE LAW DOES NOT PERMIT "PROSECUTION" OR CONVICTION FOR BEHAVIOR WHICH DID NOT CONSTITUTE A CRIM-INAL OFFENSE WHEN IT HAPPENED." See IEPPERT V. STATE, 908 SW2d. 217 (TEX.CR.APP. 1995).

Trista Marie Butler, the complainant, testified without objection, upon delayed improper outcry at age 28, that her father-the Petitioner-Sexually abused her for a period of approximately 10 years. Ms. Butler stated Continous Sexual abuse began when she was 8-or-9 years old when Petitioner gave he a back massager,had her lay on his bed and then "showed her how to use it."(RR. Vol 3 at 42).

Ms. Butler testifed Continous Sexual Assaults occured when the Petitioner would take her into his bedroom, have her undress, lay on his bed, and then he would "use the Massager on her." (RR. Vol.3 at 48).

Continuing over time, she testified that Petitioner began inserting his finger into her vagina, he would perform Oral Sex on her, and then he would have her perform ORAL SEX on him. (RR. Vol.3 at 46,52-54). Ms. Butler testified that between the ages of 8-and-13, she and the Petitioner would have Continuos Sexual encounters-without Sexual intercourse-three-to-five times a week." (RR. Vol.3 at 55).

Ms. Butler testified that when she was -13- years old (in 1996), she lost her virginity to Petitioner. (RR. Vol. 3 at 58-59). She stated that while she was riding in a vehicle with her father to a friend's house, he drove her into a wooded area where he told her that he had something to give her. (RR. Vol. 3 at 61). And then that he gave Ms. Butler Two Sex Toys - One "Corn-on-the-Cob Dildo" and one "Pink Dildo." (RR. Vol. 3 at 68-69). In further testifying of continous Sexual Assault of a Child she stated that Petitioner had her lay down on the seat of the vehicle, and he tehn performed ORAL SEX on her and also INSERTED THE SEX TOYS IN HER VAGINA. (RR. Vol. 3 at 70). The Petitioner then took out a condom and told Ms. Butler that he was "Going to Stick His Dick into her Vagina." (RR. Vol. 3 at 71)(Which is the only Act of Aggravated Sexual Assault and Sexual Assault of a Child allegedly Committed on NOVEMBER 8, 1996, as alleged in the State's Indictment.). She then test-

8

ified that the two then had SEXUAL INTERCOURSE For the First Time, with each reaching Climax, and then they left. (RR. Vol. 3 71-72).

Ms. Butler testified that she told no one of the Continous Sexual Abuses between the ages of 8-and-13, until she confided in her -13- year-old cousin, Brandy Allen shortly after her initial SEXUAL INTERCOURSE with the Petitioner. Ms. Butler during this improper outcry told -13- year old Ms. Allen that she had had Sex with her father-that it was normal to her." (RR. Vol. 3 at 80). Then at Ms. Allen's urging, Ms. Butler wrote a letter to her mother describing and detailing the previous 5-years of Continuos Sexual Abuse. (RR. Vol. 3 at 81).

Ms. Butler testified shortly after she gave the letter to her mother [Tina Fullen), that Petitioner confronted her and promised to stop. She claims that the Continuos Sexual Absue Stopped for a period of approximately Two weeks. (RR.Vol. 3 at 85-86).

Outside of the Continuos and ongoing, allegedly weekly Sexual Abuse detailed above, Ms. Butler detailed other specific Sexual Abuse with the Petitioner,when testifying without any objection that at age 15-or-16 Petitioner called her to his trailer to "Pop His Back, and he continued having Sex with her there." (RR. Vol. 3 at 89).

Ms. Butler recounted how she went in his bedroom, and after having her "Pop" his back, the Petitioner then made her perform ORAL SEX on him. (RR. Vol. 3 at 90). He then made her lay on her back on the bed while he Continued to perform ORAL SEX on her and INSERTED HIS FINGER INTO HER VAGINA. (RR. Vol.3 Id). He then continued to sexually abuse her with Petitioner on top of her, but later switching positions to where Ms. Butler was on top of him. (RR. Vol. 3 at 91).

While they Continued to have Sexual Intercourse, Mr. Butler testified that her younger sister, MARLENE and her friend MELANIE walked into the room, and then Petitioner threw Ms. Butler off of him and covered her with a blanket. (RR. Vol. 3 at 92). MARLENE and MELANIE corroborated Ms. Butler's unobjected to testimony of such Continuos Sexual Abuse, although their memories of this event when Ms. Butler was 15-16 years old were somewhat different. (RR. Vol 4 at 186-191; RR. Vol. 5 at 17-21).

Ultimately, Ms. Butler testified that Petitioner Continued to have Sexual Intercourse with her until shortly before her -18th- birthday. She estimated that she had Continous Sexual intercourse with Petitioner more than a Hundred (100) times and that Petitioner told her not to tell anyone about the Continuos Sexual Abuse, and warned her that if she did he would hurt her.

## NEW OFFENSE BEING FURTHER PROSECUTED AT PUNISHMENT PHASE

The New Offense of Continuous Sexual Abuse of a Child, Pursuant To TEX. PENAL CODE ANN.§ 21.07 (2007), applied Retroactively to an alledged Single SEXUAL ASSAULT OF A CHILD, Offense Committed on NOVEMBER 8, 1996, is shown to had been used as different evidence during the Guilt-Innocence Phase to Convict, was further used during the Punishment phase. Specifically as follows: to further Prosecute Petitioner:

### CROSS-EXAMINATION OF DEFENSE WITNESS ROY STEELY BY MS. HUFFMAN:

Q. "So you don't know that at the age of eight (8) he started using a vibrating back massager on Trista's vagina. "You don't know that, do you?"
A. "No".
MR. WALKER: "Objection. Asked and answered. He said he doesn't know any of the allegations."
THE COURT: "All right. I'll sustain as to that question."
Q. (BY MS. HUFFMAN): "Would it change your opinion if you knew that at age of Eight (8) he used a vibrating back massager on her vagina?" "Would that change your opinion of Danny Ray?"
A. "I tell you, I know enough of Danny that I don't believe that."
Q. "So would if change your opinion if you knew that he inserted this corn cob "Dildo" into her vagina?" "Would that change your opinion." "Judge he is here as a character witness. So its important for the JURY to know if he would change his opinion if he knew these things about the Defendant."
THE COURT: "I'm going to overrule the objection. You can ask the question."
Q. (BY MS. HUFFMAN): "And so my question is, yes or no no, would it change your opinion if you knew that he inserted that "Dildo" into her vagina when she was Thirteen (13) years old?"
A. "Yes, it would."
Q. Would it change your opinion if you knew that he inserted this "Pink Dildo" into her vagina when she was Thirteen (13) Years Old?"
A. "Yes, it would."
Q. "And would it change your opinion if you knew that he "CONTINUALLY HAD SEX WITH HER UNTIL THE AGE OF EIGHTEEN (18)?"
A. "Yes, it would." (RR. VOL. 6 Pp. 48,49,50,51).

### CLOSING ARGUMENT BY THE STATE

MR. SANTIN: "May it please the Court, defense attorney, members of the JURY: One Child molested One Time is a Life Sentence for that Child. One Child Molested "One" Time should be a Life Sentence for a Sexual Predator." "HERE WE HAVE A DECADE OF RAPE."
"Every single time he had sex with his daughter, that's a Felony." That man has "25" (Twenty-five) To Life Over and Over and Over Again." Give him Life. Let's go home. Thank you." (RR. Vol. 6 Pp.74-77).
MS. HUFFMAN: "He gave Trista a Life Sentence, and it started when she was so young." "She had to worry at the age of -10- (Ten) if -- whether or not I had to put my mouth on my Dad's penis today. What a terrible thing for a -10- year old to have to worry about." "When she's -13- she has to wonder, Am I going to have to have sex with my Dad today?" And she worried about it constantly because it happened Four (4) TO Five (5) Times a week. Any time he wanted it." So that's what she's what she was worrying about. And YOU SEE THAT A CHILD HAS GONE THROUGH A DECADE OF RAPE?" What's that worth?" "Ten Years?" "Twenty Years?" "Sixty Years?" No. Its worth Life." Because a LONG TIME AGO HE MADE A DECISION TO GIVE HER A LIFE

SENTENCE." (RR. Vol. 6 Pp. 82-83).

Likewise See STATE'S OPENING STATEMENT AT PUNISHMENT ARGUING NEW OFFENSE:

MR. SANTINI: "May it please the Court, Mr. Walker, Ms. Little, Members of the JURY: "One Child molested one time is a Life Sentence for that Child. One Child Molested "ONE TIME" should be a LIFE SENTENCE FOR THE SEXUAL PREDATOR.

"HERE WE HAVE A DECADE OF RAPE. AND UNLIKE GUILT/INNOCENCE WHEN YOU HEARD ABOUT THE DECADE OF RAPE AND ALL THOSE TIMES, Y'ALL COULD NOT USE THAT TO PUNISH HIM. "YOU'RE GOING TO LEARN DURING YOUR TIME HERE THAT YOU'RE ALLOWED TO USE THOSE ACTS DURING PUNISHMENT PHASE FOR --- TO ACTUALLY PUNISH HIM." IN GUILT/INNOCENCE YOU CAN ONLY USE THOSE ACTS TO HELP PROVE MOTIVE OR HIS INTENT FOR THE TWO COUNTS THAT WE HAVE." (RR. Vol. 6 Pp. 6,7). "SO YOU GET TO TAKE INTO CONSIDERATION EVERY SINGLE TIME. "AND WE'RE GOING TO OFFER ALL OF THE EVIDENCE FROM GUILT/INNOCENCE SO THAT YOU'RE GOING TO HEAR FROM PUNISHMENT IS — ARE THOSE FACTS. "SO YOU CAN TAKE INTO ACCOUNT "EVERY SINGLE TIME HE GROOMED HER,"EVERY SINGLE TIME HE CALLED HER A WHORE", "EVERY SINGLE TIME HE PENETRATED HER DIGITALLY," "PERFORMED ORAL SEX", "PENETRATED HER WITH HIS SEXUAL ORGAN," "HIS PENIS." AND YOU HEARD TRISTA SAY, "THE ACTUAL SEX PART," "THE PENETRATION WITH THE SEXUAL ORGAN, WAS ANYWHERE FROM OVER ONE HUNDRED (100) LESS THAN FIVE-HUNDRED (500), I THINK SHE SAID."

"AND IF YOU GAVE HIM ONE YEAR FOR EACH SEXUAL ORGAN PENETRATION." "WE'RE NOT GOING TO CALL ANYBODY. "WHAT WE'RE GOING TO DO IS ENTER THE EVIDENCE THAT Y'ALL ALREADY HEARD." "SO THIS WHAT YOU'RE GOING TO HEAR AGAIN.""SO YOU CAN GIVE ONE YEAR FOR EACH SEXUAL ORGAN PENETRATION, AND ITS STILL A LIFE SENTENCE."

"PROTECTING THE COMPLAINANT AS WE HEARD ABOUT "HIS THREATS" AND WE HEARD ABOUT HIS ABILITY TO CARRY THESE OUT."

THE COURT: "Thank You, Mr. Santini. All right. Witnesses by the State?"

MS.HUFFMAN: "JUDGE,AT THIS TIME WE OFFER ALL THE EVIDENCE FROM GUILT/ INNOCENCE AND THE STATE RESTS." (RR. Vol.6 Pp. 7,8,9).

FURTHER PROSECUTION AND PUNISHMENT OBTAINED UNDER NEW OFFENSE
AS TO CONTINUOUS SEXUAL ABUSE OF A CHILD ART.21.02,TEX. PENAL CODE (2007)
AT STATE'S CLOSING ARGUMENT BY MS. HUFFMAN CHILD ASSAULTED 100'S OF TIMES

. . . "SO THE YEARS GO NO AND THE ABUSE "CONTINUES." MAYBE HE THOUGHT THE "STATUTE OF LIMITATIONS HAD RUN." "SO TODAY IS FINALLY ABOUT TRISTA." "ITS ABOUT THE HUNDREDS AND HUNDREDS OF TIMES THAT SHE SUFFERED ABUSE AT HIS HANDS."

"Today I'm asking you to tell this Defendant that no Child should ever have to go through that type of Abuse and then come in here and have to tell you about it. "I'm asking you to do today what the FACTS JUSTIFY and what Justice demands. He gave her a Life Sentence, and I'm asking you to return the favor." (RR. Vol. Pp. 85-86). Cf. Amended TEX.PENAL CODE§§ 21.02, 22.021,Eff. 2007 & 2011,respectively; COUNTS I and II, of Indictment; alleging Single Acto of AGGRAVATED SEXUAL ASSAULT OF A CHILD, And SEXUAL ASSAULT of same Child Committed on NOVEMBER 8,1996, when CONTINUOUS SEXUAL ABUSE OF A CHILD WAS NOT YET AN OFFENSE. Whereas further the DEFENSE OF LIMITATIONS (10) YEARS WAS AVAILABLE AT THE TIME SUCH OFFENSES WERE ALLEGEDLY COMMITTED IN 1996).

"THE INDICTMENT CHARGED A VERSION OF THE OFFENSE THAT WAS NOT IN EFFECT AT THE TIME OF THE ALLEGED OFFENSE,BUT APPELLANT HAD RAISED NO OBJECTION OF EX POST FACTO VIOLATION UNDER U.S. CONSTITUTION. ARTICLE 1§10 AND TEX.CONST.ART. 1§16 AT THE TRIAL LEVEL. APPELLANT'S CONVICTIONS FOR AGGRAVATED SEXUAL ASSAULT WERE REVERSED AS BEING BASED ON EX POST FACTO LAWS,EVEN THOUGH APPELLANT FAILED TO OBJECT,WHERE THE INDICTMENT CHARGED A VERSION OF THE OFFENSE NOT IN EXISTENCE AT THE TIME OF THE CRIME." IEPPERT V. STATE, 908 SW.2d. 217 (TEX.CR.APP. 1995).

"AN EX POST FACTO COMPLAINT ABOUT THE IMPROPER RETROACTIVE APPLICATION OF A PENAL STATUTE IS NOT REALLY A COMPLAINT ABOUT ERRORS OR DEFECTS IN THE ACCUSATORY PLEADING OR A JURY CHARGE. RATHER, IT IS A COMPLAINT THAT THE LAW DOES NOT PERMIT PROSECUTION OR CONVICTION FOR BEHAVIOR WHICH DID NOT CONSTITUTE A CRIMINAL OFFENSE WHEN IT HAPPENED." Id. IEPPERT, supra.

"EX POST FACTO PROHIBITIONS DO NOT MERELY CONFER UPON THE PEOPLE A WAIVABLE OR FORFEITABLE RIGHT NOT TO HAVE THIER CONDUCT PENALIZED RETROACTIVELY. INDEED THE CONSTITUTIONAL PROHIBITION AGAINST EX POST FACTO LEGISLATION IS NOT REALLY AN INDIVIDUAL RIGHT AT ALL. IT IS A CATEGORICAL PROHIBITION DIRECTED BY THE PEOPLE TO THEIR GOVERNMENT. SHORT OF A CONSTITUTIONAL AMENDMENT,THE PEOPLE MAY NOT WAIVE THIS PROHIBITION,EITHER INDIVIDUALLY OR COLLECTIVELY,ANY MORE THAN THEY MAY CONSENT TO BE IMPRISONED FOR CONDUCT WHICH DOES NOT CONSTITUTE A CRIME." USCA.CONST.ART. 1§10,Cl.1, TEX. CONST. ART. 1§16. Id. IEPPERT, supra.

"THE COURT OF APPEALS DID NOT REACH THE MERITS OF THE CLAIM,HOWEVER, INSTEAD,HELD THAT APPELLANT FORFEITED THE RIGHT TO COMPLAIN OF IT ON APPEAL BECAUSE HE DID NOT FIRST RAISE IT IN THE TRIAL COURT. " WE GRANTED DISCRETIONARY REVIEW TO DECIDE WHETHER PROSECUTION FOR CONDUCT WHICH WAS NOT ILLEGAL COMMITTED IS A FORFEITABLE IRREGULARITY OF THE TRIAL PROCESS." WE HOLD THAT IT IS NOT." Id. IEPPERT, supra.

"WHILE THE STATE HAD AN IMPORTANT INTEREST IN PROSECUTING CHILD-ABUSE CASES, THERE WAS ALSO A PREDOMONATING FEDERAL CONSTITUTIONAL INTEREST IN FORBIDDING THE STATE TO REVIVE A LONG-FORBIDDEN PROSECUTION; APPLYING THE NEW STATUTE AT HAND WOULD (a) UNFAIRLY SUBJECT THE ACCUSED TO PROSECUTION LONG AFTER THE STATE, HAD IN EFFECT, GRANTED AN AMNESTY; (b) RETROACTIVELY WITHDREW A COMPLETE DEFENSE TO PROSECUTION AFTER THE DEFENSE HAD ALREADY ATTACHED; AND (c) DO SO IN A MANNER THAT WOULD ALLOW THE STATE TO WITHDRAW THIS DEFENSE AT WILL AND WITH RESPECT TO INDIVIDUALS ALREADY IDENTIFIED." See STOGNER V. CALIFORNIA, 123 S.CT. 2446 (2003).

"GIVEN THAT THE NEW STATUTE PURPORTED TO AUTHORIZE PROSECUTION FOR CRIMINAL ACTS ALLEGEDLY COMMITTED MANY YEARS BEFOREHAND-EVEN IF THE ORIGINAL LIMITATIONS PERIOD HAD EXPIRED-AS LONG AS PROSECUTION BEGAN WITHIN A YEAR OF AN ALLEGED VICTIM'S FIRST COMPLAINT TO THE POLICE,THE NEW STATUTE THREATENED THE KINDS OF HARM THAT THE EX POST FACTO PROHIBITION SOUGHT TO AVOID,SUCH AS UNJUST AND OPPRESSIVE RETROACTIVE EFFECTS (b) LACK OF FAIR WARNING, (c) ARBITRARY AND POTENTIALLY VINDICTIVE LEGISLATION, AND (d) EROSION OF THE SEPARATION OF POWERS." Id. STOGNER.

"AN ARGUMENT,IN FAVOR OF APPLYING SUCH STATUTES,THAT DENIED THE EXISTENCE OF RELIANCE INTERESTS (a) IGNORED THE POTENTIALLY LENGTHY PERIOD OF TIME DURING WHICH THE ACCUSED LACKED NOTICE OF THE POSSIBILITY OF PROSECUTION AND DURING WHICH THE ACCUSED WAS UNAWARE,FOR EXAMPLE,OF ANY NEED TO PRESERVE EVIDENCE OF INNOCENCE, AND (b) WOULD SEEM TO PERMIT A STATE TO REVIVE A PROSECUTION FOR ANY KIND OF CRIME WITHOUT ANY TEMPORAL LIMITATION." Id. STOGNER, supra.

"THE FEDERAL CONSTITUTION'S TWO EX POST FACTO PROVISIONS (1) PROHIBIT THE FEDERAL GOVERNMENT (UNDER ART. 1§9,Cl.3) AND (UNDER ART.I§10,Cl.1) FROM ENACTING LAWS WITH CERTAIN RETROACTIVE EFFECTS,AND (2) ARE AIMED AT PREVENTING UNFAIR RETROACTIVE LAWS." Id. STOGNER, supra.

The New Offense as prosecuted and punished by assessment of an AGGRAVATED LIFE SENTENCE and TWENTY YEARS Confinement as to such Unjust and Oppressive Retroactive Effects, and allegedly committed Beforehand and Never Reported as proper Outcry by a Child -12- years or Younger before NOVEMBER 8,1996,

as revealed from the foregoing records. Provides as follows:

TEX.PENAL CODE ANN. § 21.02, "CONTINUOS SEXUAL ABUSE OF YOUNG CHILD."

(a) "In this section "Child" has the meaning assigned by Section 22.01(c).

(b) "A person commits an offense if:

(1) "during a period that is 30 or more days in duration,the person commits Two or More Acts of Sexual Abuse, regardless of whether the Acts of Sexual Abuse are committed against one or more victims; and

(2) "at the time of the commission of each of the Acts of Sexual Abuse, the actor is -17- years of age or older and the victim is a Child younger than -14- years of age."

(c) "For purposes of this section, "ACT OF SEXUAL ABUSE" Means Any Act that is in violation of One Or More of the following Penal Laws:

(2) "Indecency with a child under Section 21.11(a)(1),if the act- or committed the offense in a manner other than by touching,including touching through clothing,the child's breasts;

(3)"SEXUAL ASSAULT UNDER SECTION 22.011;

(4) "AGGRAVATED SEXUAL ASSAULT UNDER SECTION 22.021;

(d) "If a jury is the trier of fact, members of the jury are not required to agree unanimously on what specific Acts of Sexual Abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is -30- days or more in duaration committed Two or More ACTS OF SEXUAL ABUSE."

(h) "An offense under this section is a felony of the first degree,punish- able by imprisonment in the Texas Department of Criminal Justice for LIFE,or for any term of not more than 99 years or less than 25 years." ACTS.2007,eff.Sept. 1; Acts 2011, 82nd Leg.,ch. 1 (S.B. 24) Amended. Section 7.01 of Acts 2011,82nd. Leg., ch.1 (S.B.24) provides:

"The change in law made by this Act applies only to an offense committed on or after the effective date [Sept.1.2011] of this Act. An offense committed be- fore the effective date of this Act is governed by the law in effect on the date the offense was committed, and the Former Law is continued in effect for that purpose. For purposes of this section an offense was committed Before the effec- tive date of this Act if any element of the offense occurred before that date."

"Both the United States and the Texas Constitutions contain an absolute prohib- ion against Ex Post Facto Laws. USCA.CONST. ART. 1§10,Cl.1,and TEX.CONST.ART.1§16. Id. IEPPERT,supra. "The principle upon which the Ex Post Facto Clauses are based is the central to our concept of fairness, e.g., that a defendant HAVE NOTICE of that conduct which may subject him to criminal penalties." MARKS V. UNITED STATES, 97 S.CT. 990 (1977); MILLER V. FLORIDA, 107 S.CT. 2446 (1987),and CALDER V. BULL, 3 U.S. 386, DALL. 386, 389, 1 L.Ed. 648 (1798). "Where a defendant is placed on trial for conduct which was not criminal at the time of its commission,the trial is fund- amentally flawed because it violates our "concept of Constitutional Liberty." MARKS, 97 S.CT. at 993.

"IN BEAZELL V. OHIO, 46 S.CT. 68 (1925),THE SUPREME COURT SUMMARIZED THE CHAR- ACTERISTICS OF AN EX POST FACTO LAW: IT IS SETTLED,BY DECISIONS OF THIS COURT SO WELL KNOWN THAT THEIR CITATIONMAY BE DISPENSED WITH,THAT ANY STATUTE WHICH PUNISHES AS A CRIME AN ACT PREVIOUSLY COM- MITTED WHICH WAS INNOCENT WHEN DONE,WHICH MAKES MORE BURDENSOME AND PUNISHMENT FOR A CRIME,AFTER ITS COMMISSION,"OR WHICH DEPRIVES ONE CHARGED WITH CRIME ANY DEFENSE AVAILABLE ACCORDING TO LAW AT THE TIME WHEN THE ACT WAS COMMITTED,IS PROHIBITED AS EX POST FACTO."

13

## IV

PETITIONER WAS DEPRIVED OF A COMPLETE DEFENSE UNDER THE FORMER TEN YEAR STATUTE OF LIMITATIONS BARRING THE ALLEGED CRIMES OF AGGRAVATED SEXUAL ASSULT OF A CHILD AND SEXUAL ASSAULT OF A CHILD WHEREAS SUCH A DEFENSE WAS AVAILABLE ON NOVEMBER 8,1996 AT THE TIME SUCH CRIMES WERE ALLEGEDLY COMMITTED PURSUANT TO TEX.CODE CRIM.PROC.ART. 12.01 (1991), AS WAS APPLICABLE RATHER THAN THE MORE ONEROUS AND DISADVANTAGEOUS RETROACTIVE APPLICATION OF THE (1997),AND (2007) STAIR STEPPED AND AMENDED VERSIONS REVIVING AN OTHERWISE TIME-BARRED PROSECUTION UNTO TEN YEARS FROM THE 18TH BIRTHDAY OF THE VICTIM OF THE OFFENSE THEN UNTO NO LIMITATIONS PERIOD AT ALL,THUS,VIOLATIVE OF USCA.ARTS.1§9,Cl. 3.1§10,Cl.1;TEX. CONST. ART. 1§16,AND PROHIBITED BY THE EX POST FACTO CLAUSES.

At the time the alleged offenses of Aggravated Sexual Assault of a Child Younger than 14, and Sexual Assault of a Child younger than 17 years of age committed on same day of November 8, 1996. Under then Former TEX. CODE CRIM. PROC. ART. 12.01(2)(D)(1991),as a Complete and Available Defense at that time provided an applicable (Ten) -10- Year Time-barred Statute of Limitations from the commission date of the crimes prior to the (1997) and (2007) Amended Versions Reviving these otherwise TIME BARRED prosecutions as applied Retroactively and prohibited by both the State and Federal Ex Post Facto Clause in accord with BEAZELL V. OHIO, 46 S.CT. 68 (1925). TEX.CODE CRIM.PROC. ART. 12.01(2)(D)(1991), in effect as former law still available as a defense available according to law at the time when the Act was committed on November 8, 1996, clearly provided:

"EXCEPT AS PROVIDED IN ARTICLE 12.03, Felony Indictments May be presented Within these Limits, And Not afterwards:"

(2) "TEN YEARS FROM THE DATE OF THE COMMISSION OF THE OFFENSE:"

(D) "SEXUAL ASSAULT UNDER SECTION 22.011(a)(2) OF THE PENAL CODE; INDECENCY WITH A CHILD."

"Amended by Acts 1983,68th Leg.,p.413, ch. 85, §1,eff. 1983,68th Leg., Acts 1991, 72nd Leg., ch. 565, §6,eff. Sept.1,1991."

The (1997), Amended Version of the Statute was retroactively applied Stair-step fashion to deprive Petitioner of the Ten Year Statute of Limitations Defense which was available according to the former (1991) version at the time when the NOVEMBER 8, 1996, Acts were allegedly Committed. Was Amended Effective SEPTEMBER 1,1997, and as prohibited by the Ex Post Facto Clauses, revived and extended the Limitations period from -10- years, Unto "TEN YEARS FROM THE 18TH BIRTHDAY OF THE VICTIM OF THE OFFENSE." ACT OF MAY 28,1997,75TH.LEG.,R.S., CH. 740, §§ 1,4,1997,TEX. GEN. LAWS 2403.

The (2007), Amended Version of the Statute was ultimately Retroactively applied to revive otherwise Time-barred Sexual Abuse Offenses of a Child with NO LIMITATIONS For Sexual Assault, and Aggravated Sexual Assault,celarly depriving Petitioner of the -10- Year Statute of Limitations Defense available

14

according to the law under the (1991),former version of the Statute. And such Amended Statute further more onerous and disadvantageous as retroactively app-lied, provides: ART.12.01(1)(A)(B)(D)(E)." FELONIES. "Except as provided in Article 12.03, Felony Indictments may be prsented within these Limits, and not Afterwards:

(1) "NO LIMITATION:"

(B) "SEXUAL ASSAULT UNDER SECTION 22.011(a)(2),PENAL CODE,OR AGGRAVATED SEXUAL ASSAULT UNDER SECTION 22.021(a)(1)(B),PENAL CODE";

(D) "CONTINUOUS SEXUAL ABUSE OF YOUNG CHILD OR CHILDREN UNDER SECTION 21.01,PENAL CODE."

"Acts 2007, 80th. Leg., R.S. , ch. 593, EFF. SEPT. 1,2007).

"APPLYING THE NEW STATUTE IN THE CASE AT HAND WOULD CLEARLY UNFAIRLY (a) SUBJECT THE ACCUSED TO PROSECUTION LONG AFTER THE STATE HAD,IN EFFECT GRANTED AMNESTY (b) RETROACTIVELY WITHDREW A COMPLETE DEFENSE TO PROSECUTION AFTER THE DEFENSE HAD ALREADY ATTACHED: AND (c) DO SO IN A MANNER THAT WOULD ALLOW THE STATE TO WITHDRAW THIS DEFENSE AT WILL AND WITH RESPECT TO INDIVIDUALS ALREADY IDENTIFIED." See STOGNER V. CALIFORNIA, 123 S.CT. 2446 (2003).

"PORTION OF LEGISLATION "VOID" WHICH SHOULD ENDEAVOR TO REACH BY ITS RET-ROACTIVE OPERATION ACTS BEFORE COMMITTED." See JAEHNE V. NEW YORK, 9 S.CT. 70 (1888).

"Officer Culak testified that he met with Daughter on November 2, 2011,at the Willis Police Department. He testified that when Daughter first came to the Station she initially only complained that Rancher was harassing her and her husband, But then also told him that Rancher had Molested her AS A CHILD.

Culak testified that Daughter told him that when she was Eight (8) years old that Rancher had given her "Sexual Toys," Sexual pornographic movies and had touched her sexually. Daughter told Culak that by the time she was thirteen years old she had lost her virginity to Rancher." Daughter told Culak that Rancher taught her how to pleasure herself.

At trial Daughter, then TWENTY-NINE (29) Years Old,testified at length re-garding the Continuous Sexual Abuse as a Child she endured from Rancher.

PRAYER

Wherefore Premises Considered,Petitioner Pro se prays that this Court of Appeals considers the Ex Post Facto Claims and Reasons for review,and grants this Pro se Petition for Discretionary Review.

Dated: 9/4/15

Respectfully submitted,

Danny Ray Rancher #1884198
Rt. 2 Box 4400
Hughes Unit
Gatesville, Texas 76597
-Petitioner Pro Se

15.

## CERTIFICATE

I,hereby the undersigned Petitioner Pro se certify that a true and correct copy of the foregoing Petition for Discretionary Review has been served on Attorney representing the State by delivering same to TDCJ-ID., Officials for mailing to: STATE'S PROSECUTING ATTORNEY, P.O. BOX 13046, Austin, Texas 78711-3406, on this 4th day of September, 2015, First Class mail postage prepaid under the prison Mailbox Rule.

Danny Ray Prather #1884198
Petitioner Pro Se

APPENDIX "1"
NINTH COURT OF APPEALS MEMORANDUM OPINION
COA. NOS. 09-13-00355-CR & 09-13-00356-CR

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00355-CR
NO. 09-13-00356-CR

_____

DANNY RAY RANCHER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 12-01-00820 CR (Counts 1 and 2)

## MEMORANDUM OPINION

Appellant Danny Ray Rancher appeals his conviction for aggravated sexual assault of a child and for sexual assault of a child. The jury found Rancher guilty of aggravated sexual assault and sentenced him to life imprisonment and a fine of $10,000. The jury also found Rancher guilty of sexual assault and sentenced him to twenty years imprisonment. The two sentences are to run concurrently. In two

1

issues, Rancher complains about the admission of outcry witnesses' testimony. We affirm the trial court's judgments.

## I. Background

The record reflects that the complainant is appellant's daughter.[1] In November 2011, Daughter, at around age twenty-eight, reported acts of sexual abuse she endured as a child to Officer Adam Culak of the Willis Police Department. The State indicted Rancher on one count of aggravated sexual assault and one count of sexual assault. The State alleged these acts occurred "on or about November 08, 1996," when Daughter was "a child younger than 14 years of age and not the spouse of the Defendant[.]" Rancher pleaded "not guilty" to the charged offenses. The jury found Rancher guilty of the charged offenses. This timely appeal followed.

## II. Standard of Review

We review a trial court's decision to admit an outcry statement for abuse of discretion. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990) (en banc); *see also Robinett v. State*, 383 S.W.3d 758, 761 (Tex. App.—Amarillo 2012, no pet.). We will reverse the trial court's decision only when the court's decision falls

---

[1] To protect the privacy of the parties involved in this appeal, we identify them by their familial titles or initials.

2

outside the zone of reasonable disagreement. *Shaw v. State*, 329 S.W.3d 645, 652 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

### III. Outcry Testimony

In Rancher's first and second issues, he argues the trial court erred in admitting the outcry testimony from both Daughter's mother and Officer Culak. In his first issue, Rancher argues the trial court erred in admitting the outcry testimony of Daughter's mother because article 38.072 of the Texas Code of Criminal Procedure was inapplicable as Daughter was thirteen years old when she made the statement to her mother.[2] In his second issue, Rancher argues the trial court erred in admitting the outcry testimony of Officer Culak because Daughter was twenty-eight years old at the time she made the statement to Culak and therefore article 38.072 does not apply to her statements. The State responds that Rancher failed to preserve either issue for review. The State argues in the alternative that even if the trial court erred in admitting Mother and Culak's testimony, any error was harmless.

---

[2] The parties disagree over the version of article 38.072 that applies to the facts of this case. Because of our resolution of this appeal, we cite to the current version of the statute.

## A. Preservation of Error

We first address whether Rancher properly preserved his issues for appellate review. Rule 33.1(a) of the Texas Rules of Appellate Procedure requires that a party make a "timely request, objection, or motion" to the trial court that "state[s] the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" Tex. R. App. P. 33.1(a)(1)(A); *see Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Id.*

Rancher complains that the trial court erred in admitting the outcry testimony from both Daughter's mother and Officer Culak. Article 38.072, entitled "Hearsay Statement of Certain Abuse Victims," provides that some hearsay statements are admissible in prosecuting certain offenses, including the offense of aggravated sexual assault of a child and sexual assault of a child. *See* Tex. Code Crim. Proc. Ann. art. 38.072, §§ 1, 2 (West Supp. 2014); *see also* Tex. Penal Code Ann. § 22.011(a)(2) (West 2011), § 22.021(a)(1)(B) (West Supp. 2014). Article 38.072 applies to statements that describe the alleged offense and that (1) were

4

made by the child against whom the offense allegedly was committed and (2) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a). The hearsay rule will not bar these statements as inadmissible if, among other things, the trial court finds, in a hearing outside the presence of the jury, the statement is reliable based on the time, content, and circumstances of the statement. *Id.* § 2(b)(2). Once a defendant raises a hearsay objection to testimony regarding a child victim's statement, the State, as the proponent of the evidence, has the burden to establish compliance with the provisions of article 38.072. *See Long v. State*, 800 S.W.2d 545, 547-48 (Tex. Crim. App. 1990); *Cordero v. State*, 444 S.W.3d 812, 816 (Tex. App.—Beaumont 2014, pet. filed).

Regarding Rancher's first issue concerning the admission of outcry testimony from Daughter's mother, the State argues that Rancher bases his appellate issue on an alleged technical disqualification under an earlier version of article 38.072 requiring the child to be younger than thirteen years of age at the time of the outcry, but he did not present this argument to the trial court. The trial court conducted a hearing outside the presence of the jury to determine the admissibility of Mother's outcry testimony. At trial, Rancher objected to Mother's testimony, stating only that his objection was "under 38.072." The trial court

overruled Rancher's objection. We conclude Rancher's objection based on article 38.072 was sufficient to preserve error for any failure to comply with article 38.072, including an argument that State failed to comply with the statute because Daughter was allegedly older than the age established by statute. *See Long*, 800 S.W.2d at 547-48.

Regarding Rancher's second issue concerning the admission of outcry testimony from Officer Culak, the State argues that Rancher did not specifically raise his appellate issue in his trial objection. At trial, Rancher objected to Culak's testimony as hearsay. In a hearing outside the presence of the jury to determine the admissibility of Culak's testimony regarding Daughter's outcry statement, Rancher explained his objection as follows:

> We would object, Judge. It is hearsay and, in addition, under Article 38.072, the Texas Code of Criminal Procedure, I would point the Court specifically to Section 2, Parenthetical 1 -- I'm sorry -- Parenthetical 3, made to the first person the person made the outcry to.
>
> . . . .
>
> He was not the first person. Unfortunately, for the State, the mother could not give any details as far as the letter, but she was used as an outcry witness about sexual abuse.
>
> To use a second outcry witness is -- first of all, it is hearsay and, secondly, it violates the statute or the article in the Code of Criminal Procedure. Therefore, we would object.

6

The trial court overruled Rancher's objections. Rancher presented additional points to the trial court, but the trial court once again noted that Rancher's objection to the testimony was overruled. At Rancher's request, the trial court granted him a running objection to Culak's testimony. On appeal, Rancher specifically argues that article 38.072 does not apply because Daughter was no longer a child at the time she made her statement to Culak. The State contends that because Rancher did not include this specific argument to the trial court he has not preserved error. We conclude Rancher's objection to Culak's testimony based on hearsay and article 38.072 was sufficient to preserve error for any failure by the State to comply with the provisions of article 38.072, including that Daughter's statements were not the type the statute was designed to address. *See Long*, 800 S.W.2d at 547-48; *see also Cordero*, 444 S.W.3d at 816-19.

**B. Harmless Error**

Rancher argues that the trial court erred in admitting the testimony of Daughter's mother when the trial court applied the wrong version of article 38.072 and application of the correct statute would have rendered the testimony inadmissible because Daughter did not meet the age qualification in the correct statute. Rancher argues that the trial court erred in admitting the testimony of

Officer Culak because article 38.072 only applies to statements made by a child younger than fourteen years of age.

Without concluding that the trial court erred in overruling Rancher's hearsay and article 38.072 objections to the testimony of Mother and Officer Culak, we will review whether error, if any, necessitates a reversal in this case. Under the facts of this case, we review an erroneous admission of hearsay as non-constitutional error, subject to a harm analysis under rule 44.2(b) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 44.2(b). We disregard non-constitutional error unless it affects the substantial rights of the defendant. *Id.* "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A conviction should not be overturned for such error if, after examining the entire record, we have fair assurance that "the error did not have a substantial *and* injurious effect or influence in determining the jury's verdict." *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). Improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (en banc); *see Duncan v. State*, 95 S.W.3d 669, 672 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (holding improper admission

of outcry testimony was harmless error because similar testimony was admitted through complainant, pediatrician, and medical records). Neither the State nor the appellant has the burden to show harm when an error has occurred; rather, after reviewing the record, it is the appellate court's duty to assess harm. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001). We must reverse a conviction for nonconstitutional error if we have "grave doubt" about whether the result of the trial was free from substantial influence of the error. *Barshaw v. State*, 342 S.W.3d 91, 94 (Tex. Crim. App. 2011). "'Grave doubt' means that 'in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error.'" *Id.* (quoting *Burnett v. State*, 88 S.W.3d 633, 637-38 (Tex. Crim. App. 2002)).

Rancher complains about Mother's testimony that Daughter had written her a letter detailing Daughter's allegations of sexual abuse by Rancher. Mother testified that she did not recall what the letter stated, but that it was about Rancher molesting Daughter. Mother testified that after she read the letter she confronted Rancher and he denied all allegations of abuse.

Rancher also complains about Officer Culak's testimony that Daughter told him that Rancher had sexually abused her from the age of thirteen until she was almost eighteen years old. At trial, the defense called Officer Culak to testify.

9

Officer Culak testified that he met with Daughter on November 2, 2011 at the Willis Police Department. Culak testified that when Daughter first came to the station she initially only complained that Rancher was harassing her and her husband, but then also told him that Rancher had molested her as a child. Culak testified that he took a written statement from Daughter.

Culak testified that Daughter told him that when she was eight years old Rancher had given her "sexual toys[,]" "sexual pornographic movies[,] and had touched her sexually." Daughter told Culak that by the time she was thirteen years old she had lost her virginity to Rancher. Daughter told Culak that Rancher taught her how to pleasure herself.

Culak testified that Daughter told him that she had written a letter to Mother about what had happened, that Mother believed Daughter made the allegations up for attention, and that Mother had burned the letter after she read it. Culak testified that Daughter told him that when she was fifteen years old one of her friends walked into Rancher's bedroom while Rancher was engaged in sexual acts with Daughter. Culak recalled that Daughter told him that Rancher's sexual abuse continued until she left home at age eighteen.

At trial, Daughter, then twenty-nine years old, testified at length regarding the abuse she endured from Rancher. Daughter explained that Mother became ill

around 1992 or 1993 and required frequent stays in the hospital. Mother ultimately was diagnosed with multiple sclerosis. Approximately a year or two after being diagnosed, Mother became confined to a wheelchair, which required Mother, Daughter, Sister, and Brother to move into a different trailer house that included handicap accommodations. Rancher maintained a separate trailer on the property where he conducted his business and also resided. Because Rancher's trailer was not handicap accessible, Mother could not access it without help and in fact never went to Rancher's trailer.

Daughter testified that Rancher's sexual abuse and grooming of her began when Mother first became ill in the early nineties. Daughter explained in detail how Rancher's abuse began with inappropriate touching and inappropriate conversations. Daughter testified that after the first incident of inappropriate touching, Rancher touched her sexually two to four times a week. Daughter described in detail a time when Rancher digitally penetrated her vagina when she was about eight or nine years old.

Daughter testified that after Rancher moved into his own trailer the inappropriate touching progressed. Daughter explained that she had oral sex with Rancher, that he touched her vagina, and that he would have her watch

pornographic movies. She testified Rancher sexually abused her in his trailer three to five times a week.

Daughter testified that when she was thirteen years old she lost her virginity to Rancher and described in graphic detail the abuse she endured during this incident. Daughter testified that after this incident she started having sexual intercourse with Rancher regularly—she estimated it would occur between three to five times a week. She estimated that she has had sexual intercourse with Rancher more than a hundred times.

Daughter testified that Rancher told her not to tell anyone about the abuse and warned her that if she did he would hurt her. Daughter testified that once the sexual abuse started, Rancher sheltered her and would not let her go places that the other children were allowed to go. She testified that sometimes if she would do sexual things, Rancher would later take her to meet up with her siblings.

Daughter recalled that she was thirteen years old when she first told someone about Rancher's abuse; she told her thirteen-year-old cousin. Daughter explained that Cousin had disclosed to Daughter that Cousin had lost her virginity, and in response to Cousin's confession, Daughter told Cousin that she too had lost her virginity and revealed to Cousin that she had had sex with Rancher. Daughter testified that when she made this confession to Cousin, Daughter believed it was

normal behavior to have sex with her father because it had been the norm for her. According to Daughter, Cousin did not believe this behavior was normal. Daughter testified that she then wrote Mother a detailed letter explaining what Rancher had been doing to her. Daughter testified that Mother did not believe the accusations, and either Mother or Rancher ultimately burned the letter.

Daughter testified that after she told Mother about Rancher's abuse and Mother did not believe her, Rancher continued to have sexual intercourse with Daughter. Daughter testified that when she was fifteen years old, Sister and a friend of theirs from school walked in on Daughter and Rancher having sexual intercourse.

Cousin corroborated Daughter's testimony. Cousin testified that Rancher would put the television on pornography with five or six children in the room. Cousin testified that after Daughter had confided in her, Cousin convinced Daughter to write Mother a letter. Cousin testified that she was present when Mother confronted Daughter about the letter. Cousin testified she and Daughter were both thirteen years old when this happened. Cousin recalled that Rancher denied the accusations and that his demeanor during the confrontation was unemotional and nonchalant.

13

M.K., a friend of Daughter, also corroborated Daughter's testimony. According to M.K., when she was "still 15, maybe turning 16[,]" she walked into Rancher's bedroom and witnessed Rancher having sex with Daughter. M.K. testified that the expression on Daughter's face suggested she was horrified, embarrassed, and in shock.

Sister also testified. She testified that it was very scary growing up with Rancher because he had a very bad temper. She testified that Rancher is a "very mean and aggressive" person and that she tries not to associate with him. Sister recalled that while they were growing up, Rancher often singled Daughter out and asked Daughter to massage his back. Sister testified that Rancher would keep Daughter from going out and doing things with the other children by saying that he needed her to stay and massage his back or clean his house. Sister recalled an occasion where she and M.K. had gone to Rancher's trailer to ask him for money and to see if Daughter could go with them to a club. Sister testified that she walked into Rancher's bedroom and observed Rancher sexually abusing Daughter.

After examining the entire record, and after considering the nature of the evidence supporting the verdict, we cannot conclude that Rancher's substantial rights were affected by the admission of the complained-of testimony. The Mother's testimony and Officer Culak's testimony were merely cumulative of

14

other evidence admitted without objection. *See Duncan*, 95 S.W.3d at 672. Daughter herself gave detailed testimony concerning Rancher's abuse and the letter she had written to Mother detailing the abuse and Daughter's testimony was substantially corroborated by Cousin, Sister, and M.K. We conclude that the admission of the complained-of testimony did not have a substantial or injurious effect on Rancher's substantial rights. *See id.*; *see also Cordero*, 444 S.W.3d at 823; *Chapman v. State*, 150 S.W.3d 809, 814-15 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Therefore, we disregard any error in the admission of the complained of testimony and overrule Rancher's first and second issues. *See* Tex. R. App. P. 44.2(b).

Having overruled Rancher's issues on appeal, we affirm the judgments of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on September 10, 2014
Opinion Delivered January 28, 2015
Do not publish

Before Kreger, Horton and Johnson, JJ.

DANNY RAY RANCHER # 1:884198
Rt. 2. Box 4400
Hughes Unit
Gatesville, TX 76597

K
VALAPPEALS
STATION

